No. 9438.

## HARDY ET AL. *v.* MILLER ET AL.

REVIEW OF JUDGMENT.—Where a judgment sought to be reviewed was on default, after due service of process, the complaint being sufficient to withstand a demurrer, a complaint for review can not be maintained.

MORTGAGE.—*Husband and Wife.— Wife's Inchoate Interest in Real Estate.— Appearance.— Waiver.*—A wife whose inchoate interest in real estate has become absolute by a judicial sale, under sec. 2508, R. S. 1881, is entitled, in a suit to foreclose a mortgage which she joined her husband in executing, if she appears and demands it, to an order in the decree directing that the husband's interest be first offered for sale, and that, if it brings a sufficient sum to pay the debt, her interest be not sold.

*Quære,* whether she waives such right by failing to appear and assert it.

From the Montgomery Circuit Court.

*A. W. Caldwell, J. L. Caldwell, H. W. Chase, F. S. Chase* and *F. W. Chase,* for appellants.

*G. W. Stubbs* and *T. S. Rollins,* for appellees.

ELLIOTT, J.—The appellees are husband and wife, and prosecute this action for the review and vacation of a decree of foreclosure rendered on default against them upon a mortgage executed to Ainsworth H. Byrns, who has died since the rendition of the decree. The appellants are the heirs and the administrator of the deceased mortgagee.

The ground upon which the appellees place their right to the relief sought is, that Elizabeth Miller is a married woman, whose interests have been severed from those of the husband by an adjudication in bankruptcy, and that she was, therefore,

entitled to a decree that the husband's interest be first sold, and in case it should bring a sum sufficient to pay the mortgage debt, that the interest of the wife should not be subjected to sale; and that, as this provision was not embodied in the decree, she is entitled to have it set aside.

In cases of mortgages executed since the act of 1875 became a law, and in which there has been a severance of interests by a judicial sale, the wife is entitled, if she appears and asserts her right, to have a provision inserted in the decree, directing that the husband's interest in the mortgaged property be first offered for sale, and that if it brings a sufficient sum to pay the mortgage debt, her interest shall not be sold. She is not, of course, entitled to have any of the property released, unless the husband's interest sells for a sum sufficient to discharge the mortgage debt; but she has a right, where she properly asserts it, to a provision directing that his interest be first offered for sale. *Grave* v. *Bunch*, 83 Ind. 4; *Leary* v. *Shaffer*, 79 Ind. 567; *Medsker* v. *Parker*, 70 Ind. 509. Whether she waives this right by failing to assert it is not decided in any of our cases, nor do we feel called upon to decide it in the present case.

The complaint in the foreclosure suit entitled the plaintiff therein to some relief, and the relief granted was relevant to the case made by the pleading. If there was any error at all it was in the provisions of the decree, for the complaint was sufficient, process was duly served, and all proceedings were strictly regular. In such a case a bill of review will not lie. This subject is so fully considered and so well discussed in the opinion of the court prepared by Commissioner Best in *Searle* v. *Whipperman*, 79 Ind. 424, that further discussion is needless. *Tachau* v. *Fiedeldey*, 81 Ind. 54.

Judgment reversed.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.