Mansur *et al. v.* Hinkson.

No. 11,022.

## MANSUR ET AL. *v.* HINKSON.

HUSBAND AND WIFE.—*Judicial Sale of Real Estate.— Wife's Inchoate Interest. —Descents.— Widow's Third.—Statute Construed.*—Under execution issued upon a simple personal judgment, certain of the debtor's real estate was sold by the sheriff to the creditor, and the land not having been redeemed, he obtained a sheriff's deed therefor. Such creditor having died, his heirs brought an action of partition against the debtor's wife. The evidence showed that the two-thirds of the land sold was worth much more than the amount of the debt for which it was sold, and that the debtor's other property and that sold were worth more than $10,000, and less than $20,000.

*Held,* under section 2508, R. S. 1881, that the wife is entitled to one-third, notwithstanding the proviso in section 2483, R. S. 1881.

From the Superior Court of Marion County.

*H. J. Milligan,* for appellants.

*J. P. Baker,* for appellee.

BICKNELL, C. C.—This was a suit for partition by the appellants against the appellee. It was tried by the court at

special term, and, at request of the parties, the facts were found specially, and conclusions of law were stated thereon, first, that the plaintiffs are entitled to two-thirds of the land in controversy; second, that the defendant is entitled to one-third of said land. The plaintiffs excepted to the conclusions of law. There were other conclusions of law, but as they depend upon those above stated they need not be specially considered. Partition was made pursuant to the conclusions of law aforesaid, and judgment was rendered accordingly. The plaintiffs appealed to the superior court in general term, and assigned as errors there that the court in special term erred in its conclusions of law.

' The court in general term affirmed the judgment of the court in special term. From the judgment of the court in general term the plaintiffs appealed to this court. Here the error assigned is that the court below, in general term, erred in affirming the judgment of the court in special term.

The special finding was, in substance, as follows:

That on January 21st, 1879, Hezekiah Hinkson owned two lots of land in Indianapolis. These may be here designated as lots No. 2 and No. 20. That on the day last mentioned Isaiah Mansur obtained a judgment against the said Hezekiah Hinkson for $429.09, without relief; that under an execution on said judgment said two lots were sold to said Isaiah Mansur, who shortly afterwards died, leaving the plaintiffs his heirs at law; that said lots were not redeemed, and the sheriff, on December 23d, 1881, conveyed the same to the plaintiffs as such heirs; that at the date of the said sale, and long before, the defendant was the wife of said judgment debtor; that she is now his wife, and that her interest was not sold, nor ordered to be sold, under said judgment; that when sold said lot No. 2 was worth $1,700, and said lot No. 20 was worth $700; that at the time of said sale said Hezekiah Hinkson owned other real estate, in Marion county, Indiana, worth $17,520, and that the aggregate value of his real estate, including said two lots, was $19,720.

Mansur *et al. v.* Hinkson.

The appellants claim that, upon these facts, the proper conclusions of law are that the plaintiffs are entitled to three-fourths of said two lots, and the defendant to the remaining one-fourth only.

The solution of the question here presented depends upon the construction proper to be given to the 17th section of the statute of descents, R. S. 1881, section 2483, and the first section of the act of 1875, Acts 1875, p. 178, R. S. 1881, section 2508.

These sections are as follows:

Section 2483. "If a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors: *Provided, however,* That where the real estate exceeds in value ten thousand dollars, the widow shall have one-fourth only, and where the real estate exceeds twenty thousand dollars, one-fifth only, as against creditors."

Section 2508. "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition," etc.

The other provisions referred to in the last foregoing section do not affect the question now under consideration.

It will be observed that there was no finding that any of Hezekiah Hinkson's property was subject to other incum-

brances.    And. there was no finding that he had any other creditor than his judgment creditor, Isaiah Mansur.    Therefore, this case is to be determined as if there were no such incumbrances and no such other creditors.    And it may be observed that, if the wife in this case takes one-third of the land in controversy, the plaintiffs are fully protected, because the value of the land assigned to them as two-thirds is nearly three times the amount of their ancestor's debt, and the statutes under consideration being *in pari materia,* both of them making provision for the wife, they must be construed together.    Section 17, *supra,* has been construed by this court as follows:

1.  The widow takes as heir.    *Fletcher* v. *Holmes,* 32 Ind. 497.

2.  The widow takes one-third in fee as against heirs.    *Johnson* v. *Johnson,* 9 Ind. 28.

3.  Dower having been always favored in law, having been regarded as a legal, equitable and moral right, and next to life and liberty sacred, *Kennedy* v. *Nedrow,* 1 Dallas, 415, and section 17, *supra,* being a substitute for dower, it must be regarded with the same favor and liberality formerly shown to dower.    *Noel* v. *Ewing,* 9 Ind. 37; `Perry` v. *Borton,* 25 Ind. 274.

And it follows that the same liberal construction in favor of the wife should be applied to the act of 1875, *supra,* which makes a beneficial provision for the wife, by authorizing her inchoate interest to become vested upon a new contingency, to wit, the judicial sale of her husband's lands.    Such liberal construction the act of 1875 has already received.

In *Taylor* v. *Stockwell,* 66 Ind. 505, it was held that by the law of 1875, two-thirds only of the debtor's land can be sold on execution, and that the inchoate right of the wife becomes vested as to one-third of the land upon the judicial sale of the other two-thirds.

In *Lawson* v. *DeBolt,* 78 Ind. 563, it was held that the sale of a debtor's real estate, under the act of March 5th, 1859, providing for voluntary assignments, is a judicial sale within

Mansur *et al. v.* Hinkson.

the meaning of the act aforesaid of 1875, and it is said by the court: "It is very evident that the Legislature never meant that the wife's rights should be made to depend upon fine-spun distinctions, or close technical definitions." And, again: "A broad and liberal construction of the language used by the Legislature" is required.

In *Ketchum* v. *Schicketanz,* 73 Ind. 137, it was held that the inchoate right of the wife becomes vested upon the conveyance of her husband's real estate to his assignee in bankruptcy.

In *Leary* v. *Shaffer,* 79 Ind. 567, it was held that where the wife of a bankrupt, whose inchoate right to one-third of the bankrupt's land had become absolute under the act aforesaid of 1875, had joined her husband in mortgaging the land, she was entitled, upon a foreclosure of the mortgage, to a decree that the other two-thirds be first sold, it appearing that such two-thirds was of a value sufficient to satisfy the mortgage.

In *Elliott* v. *Cale,* 80 Ind. 285, and *Riley* v. *Davis,* 83 Ind. 1, it was held that on a judicial sale of the husband's land the inchoate interest of his wife becomes vested and absolute on the day of sale.

In *Keck* v. *Noble,* 86 Ind. 1, it was held that the act of 1875, *supra,* applies to equitable as well as to legal estates of the husband.

These cases show that the construction of the act of 1875 by this court has always been liberal, and has sought to protect the substantial interests of the wife, in accordance with the intention of the Legislature.

Section 17, *supra,* does not declare that one-fourth of the husband's lands shall descend to her in fee simple; such a provision would have presented a difficult question. Two-thirds of the real estate descend to the heirs; if one-fourth should descend to the widow, the question is what would become of the remaining one-twelfth; it ought to descend somewhere; the old doctrine of abeyance ought not to be revived.

If the statute had declared that one-fourth only should de-

scend to the widow, the heirs would take by descent eight-twelfths of the land, the widow would take three-twelfths, and the remaining one-twelfth would be without an owner; it could not descend to the creditors; if liable to them at all, it must be liable as the land of somebody, subject to their claims. The Legislature has not brought us into any such difficulty. The provision of section 17 is that one-third of the real estate shall descend to the wife free from all demands of creditors: *Provided, however,* That when the real estate shall exceed in value $10,000, and shall not exceed in value $20,000, "the widow *shall have* one-fourth only as against creditors."

If there is any obscurity in the words " shall have," they ought to be construed favorably for the widow.

The only difference between heirs and widow, in estates of the value of $10,000 or less, is, that the former inherit two-thirds and hold the same subject to the claims of their ancestor's creditors; the latter inherits one-third and holds it free from all claims of her deceased husband's creditors. Where the value of the estate exceeds $10,000, and does not exceed $20,000, the heirs still inherit two-thirds, subject to claims of creditors, and it seems to us that, under section 17, *supra,* the widow still inherits one-third in fee as against the heirs, but as against creditors she holds it subject to their demands as to a part of it, provided that part be necessary to satisfy such demands.

For example, the heirs take eight-twelfths by descent, subject to creditors' claims; the widow takes four-twelfths by descent, and holds it free from all claims of creditors, except that, if the estate exceeds in value $10,000 and does not exceed in value $20,000, she holds three-twelfths absolutely free from all demands of creditors, but she has one-twelfth which may be subjected to the demands of her husband's creditors if his other property is not sufficient to pay them. Under this construction a widow will always " have one-fourth only," where any part of her third is needed to pay the creditors of such a large estate; but where the other prop-

erty of the deceased is sufficient to pay his debts, then the widow's one-third, taken by descent, will be unimpaired. Her one-third may be reduced to one-fourth, in case of such a large estate, whenever the other property of her deceased husband is insufficient to pay his debts; then one-fourth of her one-third, that is, one-twelfth of the entire real estate, may be subjected by the creditors.

It is true that this construction may require the creditors to take proceedings in court against a widow to subject one-fourth of her one-third to the payment of their demands in the proper cases. This is not a valid objection. Creditors often have to proceed against heirs, and if they claim that the other property of the deceased is not sufficient to pay them, and that therefore one-fourth of the widow's third of such large estate ought to be subjected to their claims, so as to reduce her holding to one-fourth of the entire estate, it is no hardship upon them to be obliged to prove such matters in court. But, as this court said, in *Noel* v. *Ewing, supra,* " We have nothing to do with collateral questions and fancied consequences not legitimately in the record. It is not worth while to anticipate issues. The court will thus be able to meet, untrammelled, every question as it arises."

The question is, what was the intention of the Legislature in section 17 of the statute of descents? Undoubtedly, the intention was to make a better provision for the wife than she had before. This they did by declaring that one-third of the land should descend to her in fee free from all demands of creditors, but as one-third for the widow would seem to be too much in cases of large estates where the husband died insolvent, they seem to have added the proviso for the benefit of creditors in such cases, which proviso is, substantially, that, although one-third must descend to the widow in fee, and be held by her, in general, free from all demands of creditors, yet where the land exceeds in value $10,000, and does not exceed $20,000, she shall not have the entire one-third free from

the demands of creditors, but shall hold it subject to their claims to the extent of one-fourth thereof, thus reducing the widow's share to one-fourth instead of one-third, and reducing it to one-fifth instead of one-third where the land exceeds $20,000 in value. We think the intention was that the widow, in case it should be necessary for the payment of creditors, should hold one-fourth of her third subject to their claims, in one class of cases, and should hold two-fifths of her third subject to such claims, in another class of cases, but that her inheritance should not be liable at all to creditors of her deceased husband unless his other property would not pay them.

Upon this construction of the statutes, a wife or widow will have one-third as against everybody, except that, if the value of the real estate exceeds $10,000, and does not exceed $20,000, she will hold one-fourth of it only as against creditors whenever the other property of the husband is insufficient to pay them, but if such other property is sufficient to pay the creditors, then her one-third can not be reduced to one-fourth.

We think this construction accords with the intention of the Legislature by preserving to the wife or widow her one-third of the husband's real estate, except in cases where some of it is required to pay creditors of estates exceeding in value $10,000, and not exceeding in value $20,000. We think the interest of the wife or widow is not required to be reduced to one-fourth in any case, unless the other property of the deceased is insufficient to pay his debts.

The appellants, in their brief, state that "the wife takes solely by the statute," and that "it is impossible to see how she is to take an interest greater than the statute gives her." But, as already stated, the statute does not say that the wife shall take one-fourth by descent; it does say that she shall take one-third by descent, and that in certain cases she shall "have," as against creditors, only one-fourth. We are satisfied that the construction we have given not only avoids serious difficulty, but places the proviso and the body of section 17 in harmony, by securing to the wife or widow one-third

absolutely, in estates of less value than $10,000, and reducing her inheritance to one-fourth or one-fifth in the large estates, in the proper cases, where the remaining property of the husband is not sufficient to pay his debts.

In this case the debt was about $500; the land assigned in partition to the plaintiffs was of the value of $1,500; the other real estate of the husband was worth upwards of $17,000. Therefore, no part of the widow's one-third was required to pay the only creditor, and although the real estate was of greater value than $10,000, and did not exceed in value $20,000, it was not a case where, under the proper construction of the two sections hereinbefore mentioned, the widow's one-third ought to be reduced to one-fourth.

The conclusions of the superior court in special term were not erroneous; the said court in general term committed no error in affirming the judgment of the court in special term.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed March 29, 1884.