Filed Jan. 6, 1891.

───────◆───────

No. 15,935.

PURVIANCE ET AL. *v.* EMLEY.

MARRIED WOMAN.—*Joining in Mortgage to Secure Husband's Debt.—Sale of Wife's One-Third.—Right to Proceeds.*—Where a wife joins her husband in mortgaging his land to secure his debt, she has a right, under section 2508, R. S. 1881, to an order directing that his interest be first offered for sale to satisfy the mortgage debt, and if his interest does not sell for enough to satisfy the debt, and the wife's one-third is also sold, she is entitled to the proceeds thereof as against all creditors of the husband other than the mortgagee.

From the Huntington Circuit Court.

*T. G. Smith,* for appellants.

*J. M. Hatfield,* for appellee.

McBRIDE, J.—On the 25th day of May, 1885, Sexton Emley was the owner of 270 acres of land in Huntington county, and on said day, with his wife, Julia A. Emley, the appellee herein, executed a mortgage on said land to secure a debt of said Sexton Emley to the Michigan Mutual Life Insurance Company. This mortgage was foreclosed in the Hunt-

ington Circuit Court, January 14, 1890, a personal judgment was rendered against Sexton Emley for $5,818.96, and the sale of the land decreed. In the decree it was ordered, at the instance of the wife, that the undivided two-thirds of the land be first offered for sale to satisfy the mortgage debt.

November 18, 1889, the appellant David A. Purviance recovered two judgments against said Sexton Emley, in the Huntington Circuit Court, one for $4,115.44, with $57.93 costs, and the other for $279.08 and costs.

These judgments, to the amount of $3,420.79, are still unpaid, and Purviance was, for that reason, made a party to the foreclosure proceeding, and the mortgage foreclosed as against him as well as against Emley and wife. An order of sale issued to the sheriff of Huntington county on the decree of foreclosure. The sheriff, being unable to sell the two-thirds of the land for enough to satisfy the mortgage debt, on the 16th day of August, 1890, sold the entire premises for $7,280. The amount then due on the decree, with costs, amounted to $6,208.29.

After satisfying the decree, there remained in the hands of the sheriff a balance of $1,071.61, which he, when he made his return on the order of sale, paid to appellant John S. Glenn, clerk of the Huntington Circuit Court.

August 13th, 1890, three days before the sale, appellant Purviance caused executions to issue, on his said judgments, to the sheriff of Huntington county, who held them when the sale was made, and had, prior to said sale, levied them on the interest of Sexton Emley in said land.

Before the sheriff made his return on the order of sale, Purviance asked to have the balance in the sheriff's hands applied to the payment of the amount due him on his two executions. This was refused, and, after the payment of the money to the clerk by the sheriff, and before the commencement of this suit, he demanded the money of the clerk, who also refused compliance. The appellee, Julia A. Emley, then demanded the money of the clerk. He refused to pay it to

her, and she brought this suit against him to recover it. He filed an answer in the nature of a bill of interpleader, asking to have Purviance joined as a defendant, disclaiming any personal interest in the subject-matter, etc., and thereupon Purviance voluntarily appeared.

It was then agreed by all the parties that John S. Glenn had no personal interest in the subject-matter of the suit, and that he should be relieved of all costs in the case. This agreement was entered of record, and Purviance filed his answer, reciting, substantially, the foregoing facts, and also averring that Sexton Emley was insolvent, and had left the State, and that his wife, the appellee, had, in his absence, claimed and had set off as exempt from execution against him property amounting to $600 in value, and claiming two-thirds of the $1,071.61 in the hands of the clerk.

To this answer appellee demurred, on the ground that it did not state sufficient facts, etc. The demurrer was sustained, and Purviance excepted, refused to plead further, and elected to abide by the ruling of the court. The court rendered judgment in favor of the appellee on the pleadings. The ruling on this demurrer presents the only question in the record.

To whom does the $1,071.61 belong? If any part of it belongs to Sexton Emley, appellant is entitled to have it applied, so far as it will go, to the payment of his judgments, and the ruling on the demurrer was wrong. If the money all belongs to appellee the ruling was right, and the judgment below should be affirmed.

It is settled law in this State that a wife who joins her husband in mortgaging his land to secure his debt, after her inchoate interest in the mortgaged lands has from some cause become absolute, has a right to an order directing that his interest be first offered for sale to satisfy the mortgage debt. *Medsker* v. *Parker*, 70 Ind. 509; *Haggerty* v. *Byrne*, 75 Ind. 499; *Leary* v. *Shaffer*, 79 Ind. 567; *Grave* v. *Bunch*, 83 Ind. 4; *Hardy* v. *Miller*, 89 Ind. 440; *Main* v. *Ginthert*, 92 Ind.

180; *Trentman* v. *Eldridge*, 98 Ind. 525; *Pouder* v. *Ritzinger*, 102 Ind. 571..

We think, in view of section 2508, R. S. 1881, she is entitled to such an order in such cases, whether her inchoate interest has already become absolute or not.

The court, therefore, properly, at the instance of Mrs. Emley, made such an order in this case. There seems to have been no objection to the order below. If the two-thirds had sold for enough to satisfy the mortgage debt and costs, her title to the remaining one-third would, under section 2508, *supra*, have become absolute, and would have vested in her in the same manner, and to the same extent as would her inchoate interest in her husband's lands in case of his death. Of such interest this court has said : " The right of a widow, under our statute, to one-third of the real estate of her deceased husband is absolute against creditors, unless, by joining with her husband in a mortgage, she waives it. Such waiver can only operate in favor of the mortgagee; and other creditors can not surely reap advantages against her from the fact that she has thus joined in a mortgage to one." *Perry* v. *Borton*, 25 Ind. 274.

The two-thirds, however, did not sell for enough to satisfy the debt, and by virtue of her waiver of her right by the execution of the mortgage, her one-third was sold with the husband's two-thirds.

The price for which it sold—$7,280—presumably represents the value of the entire land, two-thirds of which sum, or $4,853.33⅓, represents the value of the two-thirds, which, in the absence of the waiver, is all the creditors could have claimed or taken as against her, and $2,426.66⅔ represents her interest.

Two-thirds of the property being insufficient to satisfy the claim, her one-third was drawn upon to the amount of. $1,355.06, leaving to her only the sum in controversy—$1,071.61.

After the sale of the land by the sheriff, one-third of the

proceeds of such sale became the absolute property of Mrs. Emley as to all persons except the mortgagee. So far as the appellant in this case is concerned, she was entitled to $2,426.66⅔, and appellant has no valid claim to any part of the sum in controversy.

There was no error in sustaining the demurrer to the answer.

The judgment below is affirmed.

Filed Jan. 8, 1891.