Filed Nov. 5, 1891.

No. 15,275.

## KELLEY v. CANARY.

MARRIED WOMEN.—*Deed.— Wife not Joining.—Foreclosure Sale.—Inchoate Interest of Wife.— When Becomes Perfect.—Quieting Titles —Practice.*—A husband and wife joined in the execution of a mortgage on the husband's real estate. The husband afterward conveyed the mortgaged premises by deed, the wife not joining. After the latter conveyance was made the mortgage was foreclosed, the owner of the land and the wife being made parties defendant to the foreclosure proceeding.

*Held,* that it was proper for the court, upon the suggestion of the wife, without any cross-complaint being filed, to direct the sheriff to first offer the undivided two-thirds of the land for sale.

*Held,* also, that the sale of two-thirds of the land being sufficient to discharge the mortgage indebtedness, the inchoate interest of the wife in an undivided one-third became perfect upon the sale by the sheriff and the execution of a deed pursuant to such sale, and that she might have her title quieted.

From the Sullivan Circuit Court.

*W. S. Maple,* for appellant.

*W. C. Hultz, O. B. Harris, G. W. Buff* and *J. S. Bays,* for appellee.

COFFEY, C. J.—On the 9th day of June, 1883, William Canary was the owner in fee simple of the southwest fractional quarter of section eighteen, in township seven north, of range nine west, in Sullivan county, and on that day he and his wife, Edith Canary, who is the appellee here, executed a mortgage upon the same to the Ætna Life Insurance Com-

pany to secure a loan of seventeen hundred dollars, made to the husband, William Canary. William Canary subsequently conveyed the land to one Fleming by deed, in which the appellee did not join. Fleming conveyed to appellant, Isaac H. Kalley. After the conveyance by William Canary the mortgage was foreclosed in the Sullivan Circuit Court, and the undivided two-thirds of the land was sold on a certified copy of the decree for a sum sufficient to pay the mortgage debt.

The owner of the land and the appellee were made parties defendant to the suit to foreclose the mortgage.

The appellee filed an answer, in which she averred that she was the wife of William Canary, and had not joined in the conveyance made by her husband, and prayed that an order might be made to first offer two-thirds of the land, but she did not file a cross-bill against the appellant or any one else.

The decree directed the sheriff to first offer the undivided two-thirds of the land for sale, and in the event it failed to sell for a sum sufficient to pay the mortgage debt, that he then offer the whole of the land for sale.

A deed having been executed by the sheriff to the purchaser, the appellee instituted this action to quiet her title to the undivided one-third of the above-described land.

It is contended by the appellant that the deed of conveyance executed by William Canary to Fleming vested in him the entire title to the land subject to the inchoate interest of the appellee, which inchoate interest could not become perfect except upon the death of the husband; while, on the other hand, it is contended by the appellee that her inchoate interest became perfect upon the sale of the land by the sheriff and the execution of a deed pursuant to such sale.

It will thus be seen that the controlling question in the case is as to whether the provisions of section 2508, R. S. 1881, are applicable to a sale made under the facts above stated.

Section 2508, *supra*, provides that "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns."

It has long been the settled law in this State that where the wife joins the husband in the execution of a mortgage upon his land, to secure his debt, when her inchoate interest in the land becomes perfect, from any cause, she may compel the mortgagee to resort to the two-thirds of the land not owned by her before the sale of her one-third for the payment of the mortgage debt. *Medsker* v. *Parker*, 70 Ind. 509; *Haggerty* v. *Byrne*, 75 Ind. 499; *Leary* v. *Shaffer*, 79 Ind. 567; *Grave* v. *Bunch*, 83 Ind. 4; *Hardy* v. *Miller*, 89 Ind. 440; *Main* v. *Ginthert*, 92 Ind. 180; *Trentman* v. *Eldridge*, 98 Ind. 525; *Pouder* v. *Ritzinger*, 102 Ind. 571.

In the case of *Purviance* v. *Emley*, 126 Ind. 419, it was held that the wife may, where she has joined with her husband in the execution of a mortgage on his land to secure his debt, compel the mortgagee to first resort to two-thirds of the land to pay such debt, even before her inchoate interest becomes perfect. It was further held in that case that where her interest in the land was sold under the decree of foreclosure she was entitled to the purchase-price of one-third of the land, less the amount necessary to satisfy the mortgage debt.

The fact that the order in this case to offer two-thirds of the land in controversy, before resort to the other third, was made without a cross-complaint, we think was immaterial. It was a matter in which the appellant had no interest, as his

rights were not affected by such order. His rights were the same whether the order was made or not, for if the whole land had been sold on the decree his interest would have been divested, and an order to sell the whole amounted to nothing if the interest of the appellee was not in fact sold.

We think the court might enter a direction to the sheriff to sell in the manner the land was sold in this case, on the mere suggestion of the wife, where her relation to the mortgage appears by the record, as in this case, without any adversary proceedings by her.

It is to be observed that the terms of section 2508, *supra*, are broad enough to cover the case now under consideration; indeed, its terms are broad enough to cover the sale of land in which the wife has an inchoate interest, where such land is subject to judicial sale on a judgment against her husband's grantee, unless it be held that the phrase " Whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchasers thereof," etc., relates to a title held by the husband at the time of the sale. But whether this statute is to receive a construction as broad as this we need not and do not now stop to inquire. We are clearly of the opinion that the phrase above quoted does not relate to a title held by the husband at the time of the sale, for such construction would place it in the power of the husband at any time, even after the rendition of judgment or the foreclosure of a mortgage, *to postpone his wife's inchoate interest until his death*, without her consent, by the execution of a conveyance. It is the purpose of this statute to secure the wife not only against the misfortunes of the husband, but his improvidence as well.

To hold that appellant may retain the one-third of the land in controversy in which the wife had an inchoate interest would be to hold that the husband's conveyance place his grantee in a better condition than that occupied by the husband, for, if the husband still owned the land, the appel-

lee would take one-third of it as against him. The phrase above quoted refers, we think, to the title held by the husband at the time the lien attached upon which the real property is sold at judicial sale. That being true, upon execution of the deed by the sheriff, pursuant to the sale, the appellee became vested of one-third of the land in controversy to the same extent it would have become vested had her husband died. Such title is not a mere equity, but, under the express terms of section 2483, R. S. 1881, is a fee simple title.

Our conclusion is that, under the facts in this case, the appellee owns one-third of the land described in the complaint in fee simple, and that she was entitled to have her title thereto quieted.

Judgment affirmed.

Filed Nov. 4, 1891.