Huffmaster *et al. v.* Ogden *et al.*

No. 16,496.

HUFFMASTER ET AL. *v.* OGDEN ET AL.

PLEADING.—*Complaint, Sufficiency of.*—*Partition.*—*Real Estate.*— *Wife's Inchoate Interest.*—*Must Show Absolute Interest.*—Where a complaint alleged, in substance, that plaintiff's husband conveyed land in which she did not join, and that subsequent to such conveyance he obtained a divorce from her, in the suit for which she obtained a decree for $200 alimony, which sum has not been paid; that the conveyance was made to defraud and defeat the collection of the alimony, and closing with a prayer that she be declared the owner in fee of one-third of such land, and that the same be set off to her, the complaint is insufficient, in not showing that the wife's inchoate interest had become absolute.

SAME.—*Wife's Inchoate Interest.* — *Quieting Title.* — *Partition.*— *When Right of Action Accrues.*—Another paragraph of the same complaint alleging the same facts as above set out, except the divorce and the alleged fraud, and alleging further that the land was sold on execution on judgment in which the inchoate interest of the wife was not directed to be sold, from which sale there was redemption made, asking that her title be quieted, for partition, and that she be given possession of one-third of the land, is insufficient, in failing to show that the wife's inchoate interest had become absolute under section 2508, R. S. 1881.

From the Ripley Circuit Court.

*J. H. Connelly,* for appellants.

*S. M. Jones,* for appellees.

HACKNEY, J.—The complaint in this case was by Sophia Crowell, against John H. Ogden, Clara Ogden, his wife, John Crowell, John F. Meyer and Nelson Mowrey.

The first paragraph alleged that in January, 1891, said Sophia and John Crowell were husband and wife; that said John owned a tract of land in Ripley county, and sold the same to said John H. and Clara Ogden, husband and wife, she, the said Sophia, not joining in the deed; that thereafter, in February, 1891, her husband

procured a divorce from her, in the suit for which she procured a decree for two hundred dollars as alimony, which sum had not been paid; that said Mowrey accepted a mortgage of said lands knowing that she did not join in said deed; that said deed was executed to defraud her and defeat the collection of said alimony. The prayer was that she be declared the owner in fee of one-third of said lands, and that said interest be set off to her.

The second paragraph alleges the same facts, omitting the divorce and the alleged fraud, and alleges, further, that the land was sold to the appellee Meyer on execution upon a judgment, in which the inchoate interest of said Sophia was not directed to be sold; that said Ogdens redeemed from said sale, and have executed a mortgage for seven hundred dollars, which was a cloud upon her interest in said land. She asks the quieting of title, partition, and that she be given possession of one-third of said lands.

The circuit court sustained demurrers to each of these paragraphs of complaint, and that ruling presents the only question for review.

The appeal herein is prosecuted by the appellants, as the heirs of said Sophia Crowell, who departed this life after the proceedings above recited.

Treating either paragraph of the complaint as stating an inchoate interest in the plaintiff at the time of the sales alleged, and disregarding the question as to the effect of the divorce upon such interest, we are unable to reach the conclusion that a cause of action is stated.

In the first paragraph there is no allegation of participancy by the grantees, in the fraudulent design of John Crowell in conveying the land, neither is it alleged that said John had no other property from which the decree of alimony could be satisfied. The theory of the com-

plaint is to quiet title and for partition, and not to subject property to the payment of the decree.

Therefore, the allegations of fraud in the first paragraph lend no strength to the claim that the inchoate interest of the wife had become absolute. The question must be, therefore, did the inchoate interest of the wife become absolute under the facts stated in either paragraph?

We may readily answer that it was not consummated by the survivorship of the wife. But it is claimed that it was consummated by virtue of section 2508, R. S. 1881.

This section is as follows: "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, *whenever, by virtue of said sale, the legal title of. the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise.* When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

Under the first paragraph of complaint, there can be no possible application of this statute, as there is no judicial sale alleged, under which to apply the rule created by the statute.

The second paragraph alleges a redemption from the judicial sale pleaded, and, therefore, shows that the

"legal title of the husband * * *" never became "absolute and vested in the purchaser, his heirs or assigns, subject to the provision of this act."

By the clear language of the act it was only when the legal title became so vested that the wife's interest became absolute. Of the numerous cases cited by appellants' counsel not one fails to recognize this construction by the express statement of its application, provided there be no redemption. This conclusion is without doubt. The title of the husband is vested in the Ogdens, not by virtue of the judicial sale, but by virtue of the husband's deed. Under the deed, the wife's inchoate interest could only become absolute by her survival of her husband. The survival is not alleged; on the contrary, it appears from the fact that she has made him a party to this case that such an allegation was impossible.

Our conclusion is supported by *Summit* v. *Ellett*, 88 Ind. 227, and other cases, but the language of the statute is certainly sufficient to preclude serious inquiry.

There is no error in the ruling of the circuit court, and its judgment is affirmed.

Filed Nov. 27, 1893.