## GREEN v. ESTABROOK ET AL.

[No. 20,744. Filed November 27, 1906. Rehearing denied February 6, 1907.]

1. MORTGAGES. — *Husband and Wife.*—*Effect of Wife's Signature.*—The legal effect of a wife's joining in the execution of her husband's mortgage on his real estate, is to bar her inchoate interest as against the mortgagee and his privies. p. 127.

2. SAME.—*Foreclosure.*—*Rights of Wife.*—The wife, although she joins the husband in the execution of a mortgage on his land, is entitled under the statute, or apart from it, to a decree that his interest shall first be exposed for sale. pp. 127, 128.

3. SAME.—*Foreclosure.*—*Creditors.*—*Rights of Wife.*—On the foreclosure of a mortgage executed by a husband and wife on his lands, the wife is entitled, as against other creditors, to her marital rights out of the surplus of the proceeds of the sale. p. 127.

4. SAME.—*Foreclosure.*—*Redemption from, by Wife.*—*Enforcement of Mortgage by Wife.*—A wife, upon redeeming from a foreclosure of a mortgage executed by her husband and herself upon his land, may enforce the whole of such claim against the husband's two-thirds interest. p. 127.

5. MORTGAGES.—*Foreclosure.*—*Sale of Husband's Two-Thirds.*— *Rights of Wife.*—Where the court, on foreclosure, first decrees the sale of the husband's two-thirds of the mortgaged land for the payment of the mortgage debt and such part sells for enough to satisfy the debt, the wife's inchoate right to the remaining one-third, at the expiration of the redemption year, becomes vested in her absolutely. p. 128.

6. STATUTES. — *Construction.* — *Husband and Wife.* — *Judicial Sales.*—The statute (§2669 Burns 1901, §2508 R. S. 1881), providing that the wife's inchoate interest in her husband's land shall become vested where the husband's land is sold at a judicial sale, must be liberally construed in favor of the wife. p. 129.

7. SAME. — *Husband and Wife.*—*Dower.*—*Judicial Sales.*—The statute (§2669 Burns 1901, §2508 R. S. 1881), providing that on a judicial sale of the husband's land the wife's inchoate interest shall vest, is a substitute for her common-law dower, which constituted a legal, equitable and moral right. p. 129.

8. CONTRACTS.—*Consideration.*—*Marriage.*—*Husband and Wife.* —Marriage is a valuable consideration; and the wife is regarded, so far as she receives property by virtue thereof, as a purchaser for a valuable consideration. p. 129.

9. JUDICIAL SALES. — *Wife's Rights.* — *Subsequent Deed from Husband to Wife's Third.*—*Purpose of Statute.*—A subsequent deed, the wife not joining, to the wife's one-third of land of the husband, two-thirds of which was first ordered sold at judicial sale, conveys nothing, the statute (§2669 Burns 1901, §2508 R. S. 1881) vesting title to same in her, the purpose of the statute being to secure the wife against the husband's misfortune as well as his improvidence. p. 130.

10. STATUTES.—*Husband and Wife.*—*Descent and Distribution.*— *Judicial Sales.*—*Dower.*—The statute (§2669 Burns 1901, §2508 R. S. 1881), providing that the wife's inchoate interest in her husband's land shall vest when such land is sold at judicial sale, is not cut down, so as to make such interest subject to the husband's creditors, by reason of §2640 Burns 1901, §2483 R. S. 1881, providing that upon the husband's death one-third of his real estate shall descend to her free from his creditors. p. 130.

11. MORTGAGES. — *Foreclosure.* — *Redemption.* — *Wife's Inchoate Rights.*—A redemption, by the husband, of his land sold at judicial sale, prevents the vesting of the wife's inchoate interest therein. p. 131.

12. CONSTITUTIONAL LAW.—*Husband and Wife.*—*Judicial Sales.* —*Wife's Inchoate Rights.*—The statute (§2669 Burns 1901, §2508 R. S. 1881), providing that on judicial sale of the husband's land the wife's inchoate interest shall vest, does not deprive the husband of his property without due process of law. p. 131.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Suit by Peter S. Green against Leah Estabrook and another. From a decree for defendants, plaintiff appeals. *Affirmed.*

*Levi Mock, John Mock* and *George Mock,* for appellant. *W. H. Eichhorn* and *G. A. Matlack,* for appellees.

GILLETT, J.—Appellant commenced partition proceedings against appellee Leah Estabrook, alleging that he was the owner of a one-third interest of the land described, and that she was the owner of the remaining two-thirds interest. On her own application, appellee Emma Green was admitted as a party defendant, and filed a general denial to the complaint, and a cross-complaint against appellant, to quiet title to one-third of said real estate. Appellant answered the cross-complaint by a general denial. The remaining issues need not be stated.

At the request of appellant, the court made special findings and stated its conclusions of law thereon. The following facts are found: Appellant and appellee Green were married in 1889, and the marriage relation thus formed still continues, although for some years they have been living apart. At the time of their marriage, appellant was the owner of the tract of land sought to be partitioned. January 26, 1901, appellant borrowed $375 from appellee Leah Estabrook, to pay for improvements on said land. The debt was evidenced by his note, and at the same time he and his wife joined in the execution of a mortgage on said real estate to secure said note. Suit was afterwards brought to recover on said note and to foreclose said mortgage, appellant and his wife being made de-

fendants thereto. Such proceedings were afterwards had in said suit that judgment was rendered on said note and a decree of foreclosure entered, ordering the undivided two-thirds of said real estate to be sold. Upon the sale appellee Leah Estabrook bid the full amount of her judgment for said two-thirds interest, and, as there was no redemption, she obtained a sheriff's deed therefor. The remaining one-third has never been sold by virtue of any legal process. The court stated, as one of its conclusions of law, that the defendant Emma Green was the owner of an undivided one-third of said real estate, and that the defendant Leah Estabrook was the owner of two-thirds of said land.

The question in the case is whether appellant or appellee Green is the owner of one-third of the land, the title of appellee Estabrook to the other two-thirds being undisputed. No question is made by counsel for appellant concerning the regularity or form of that part of the decree of foreclosure which related to the sale of a two-thirds interest, nor is it questioned that it was in fact made for the protection of the wife. On the contrary, the brief of appellant's counsel impliedly assumes the validity of such order, and the principal question is whether, under the act of August 24, 1875 (Acts 1875, p. 178, §2669 et seq. Burns 1901), the one-third interest of the wife became choate and vested in her as against her husband, since the rights of creditors, other than the mortgagee, did not intervene.

Section one of the statute referred to is as follows: "In all cases of judicial sales of real property in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of a married woman now becomes absolute upon the death of the husband, whenever, by virtue

Green *v.* Estabrook—168 Ind. 123.

of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act, and not otherwise. When such inchoate right shall become vested under the provisions of this act, such wife shall have the right to the immediate possession thereof; and may have partition, upon agreement with the purchaser, his heirs or assigns, or upon demand, without the payment of rent, have the same set off to her."

When the wife joined in the mortgage, it was for the sole purpose of barring her inchoate interest as against the mortgagee and the privies of the latter. *Perry* v. *Borton* (1865), 25 Ind. 274; *Purviance* v. *Emley* (1891), 126 Ind. 419; *Mandel* v. *McClave* (1889), 46 Ohio St. 407, 22 N. E. 290, 5 L. R. A. 519, 15 Am. St. 627. It is settled that as respects a mortgage so executed the wife occupies a position analogous to that of a surety, and that as such she is entitled to an order that her husband's interest shall first be exposed for sale. *Leary* v. *Shaffer* (1881), 79 Ind. 567; *Crawford* v. *Hazelrigg* (1889), 117 Ind. 63, 2 L. R. A. 139; *Purviance* v. *Emley, supra; Kelley* v. *Canary* (1891), 129 Ind. 460; *Smith* v. *Sparks* (1904), 162 Ind. 270. It has also been decided that she is entitled to her marital interest, as against creditors, in the surplus arising from the sale on mortgage foreclosure, although she joined with her husband in the mortgage. *Purviance* v. *Emley, supra; Clements* v. *Davis* (1900), 155 Ind. 624. And see *Staser* v. *Gaar, Scott & Co.* (1907), *post,* 131. It has been held by the Appellate Court that upon redeeming from a mortgage in which she has so joined, she may enforce it as against the holder of the other two-thirds interest. *Union Nat. Bank* v. *McConaha* (1895), 14 Ind. App. 82.

It does not seem to admit of question that, where an order is made, for the protection of the wife, that the

husband's two-thirds interest shall first be exposed for sale, and if it sells for a sum sufficient to satisfy the decree, the statute vests the unsold interest of the wife when the year for redemption expires.

Even apart from the statute, it appears that the wife has a sufficient equity to protect her inchoate interest, by the procuring of an order that the interest of the husband shall first be offered. *Leary* v. *Shaffer, supra.* But the statute of 1875 provides that upon a judicial sale of the husband's interest, where the wife's interest is not directed to be barred or sold, her inchoate interest shall become absolute when the legal title of the husband shall become absolute and vested in the purchaser. The decisions of this State which recognize the wife's right as against general creditors to one-third of the real estate even where her interest is directed to be sold, rest upon the idea that the mortgage has barred her interest only as against the mortgagee and his privies, and that as to general creditors her interest in the proceeds has become choate by the sale. The cases on which has been based the practice of procuring an order in a foreclosure suit that the two-thirds interest of the husband shall first be offered for sale amount to an adaptation of the general principle, that a wife may procure an order for the protection of her inchoate interest, to the provisions of the act of 1875, *supra,* thus anticipating the fact that her interest will become choate at the end of the year, if the husband's two-thirds interest is sold and there is no redemption. To meet possible contingencies that may arise prior to the acquiring of title at the end of the year of redemption, it may be that the decree ought to provide for first offering the whole interest of the husband, subject, however, to the right of the wife to one-third in case her interest becomes choate either under the statute of 1875 or the general statute of descents. If, however, the customary practice of offering the husband's two-thirds interest is observed, and it sells for enough to satisfy the decree, there can be no

doubt that when the year for redemption has expired, and the wife is *in esse,* the sale of the husband's two-thirds interest, after the ordinary manner, divests him of all his title, and therefore the case would be squarely within the statute. It is not required by said enactment, in order to create an interest in the wife, that the decree should direct, as against the husband, that the whole estate should be sold leaving her inchoate interest to become choate when the purchaser makes title, but it is within the contemplation of the enactment, as judicially construed, that when the title has passed to the latter to all that can pass as against a choate marital right, her title shall thereby be created, although that portion of the estate to which she becomes entitled by statute has never been sold as against the husband.

The real contention of appellant's counsel, however, seems to be based upon the theory that the statute does not give the wife one-third as against the husband, but only as against creditors. It is settled that the statute in question is to be liberally construed in favor of the wife. *Lawson* v. *DeBolt* (1881), 78 Ind. 563; *Straughan* v. *White* (1882), 88 Ind. 242; *Mansur* v. *Hinkson* (1884), 94 Ind. 395. In the interpretation of the statute the nature of the claim which the enactment was designed to amplify must not be overlooked. Her inchoate right under the laws of this State is a substitute for dower, and this court has declared that dower is "a legal, an equitable, and a moral right." *Noel* v. *Ewing* (1857), 9 Ind. 37; *McCord* v. *Wright* (1884), 97 Ind. 34; *Crawford* v. *Hazelrigg, supra; Staser* v. *Gaar, Scott & Co., supra.*

In the determination of the question in hand, the fact is to be remembered, that "marriage is a valuable consideration, and a married woman is regarded as a purchaser for a valuable consideration of all property which accrues to her by virtue of the marriage."

*Derry* v. *Derry* (1881), 74 Ind. 560. See, also, *Richardson* v. *Schultz* (1884), 98 Ind. 429; *Staser* v. *Gaar, Scott & Co., supra.*

We may also suggest that it was the wife's equity which was alone sufficient to procure an order that the husband's interest in the land be first offered for sale, so that,

9.   as against the husband, it would seem that she had a reasonably strong equity to that part of the estate which her right has saved from the wreckage. The case of *Kelley* v. *Canary, supra,* is one which is strongly against the construction contended for by appellant. It was there held that where the wife had procured an order upon the foreclosure of a mortgage in which she had joined, that the two-thirds interest of the husband, should first be offered, and it sold for enough to satisfy the decree, the purchaser obtaining title, she was entitled to the remaining one-third as against one who deraigned title through a deed made by the husband subsequently to the execution of the mortgage, in which deed she did not join. In disposing of the case this court said, that if the husband had not conveyed she would take one-third as against him, and that his conveyance did not place the purchaser in any better condition. It was also observed—and we are of the opinion that this is the keynote of the statute—that its purpose was "to secure the wife not only against the misfortunes of the husband but his improvidence as well."

There is no merit in the contention that construing the act of 1875 with §2640 Burns 1901, §2483 R. S. 1881, the wife takes her share as against creditors only.

10.   The later statute contains a substantive provision in favor of the wife, and the interest she takes in the real estate is not cut down by reason of the fact that the demands of creditors have been satisfied. *Mansur* v. *Hinkson* (1884), 94 Ind. 395.

We are not impressed with the claim that the act of 1875, construed as we have indicated, is invalid as depriving ap-

pellant of his property. He had a right to redeem his two-thirds interest, and the effect of such redemption would have been to prevent his wife's interest from becoming choate. *Huffmaster* v. *Ogden* (1893), 135 Ind. 661. He was not put under any greater burden in effecting a redemption than he would have been under had the statute not existed. It was not until all interest over which he had any control, so far as the foreclosure was concerned, was irretrievably lost to him that the statute attached. See *Ervin* v. *State, ex rel.* (1898), 150 Ind. 332. But even should we give him the benefit of assuming every possibility in his favor, and indulging the supposition that a sale of the whole estate would have produced an overplus, of which he might, but for the statute, have availed himself, yet we are not prepared to say, in view of the fact that the wife is a purchaser as respects her marital right, that a statute is invalid which, as against such a possibility, humanely gives her a remnant of the estate as a provision for her support. The authority of the lawmaking power over the marriage relation and its incidents is clearly sufficient to uphold the statute.

Judgment affirmed.