STORMONT v. STORMONT, ADMINISTRATOR, ET AL.

[No. 10,413. Filed October 26, 1920. Rehearing denied February 17, 1921. Transfer denied March 30, 1921.]

DOWER.—Sale of Decedent's Realty to Pay Debts.—Rights of Wife of Heir of Decedent in Surplus.—Statute.—The sale by an administrator of a decedent's realty to pay debts of the estate is not a judicial sale within the contemplation of §3052 Burns 1914, §2508 R. S. 1881, relating to the rights of married women upon the judicial sale of real property in which they have an inchoate interest, so that such section does not apply so as to give the wife of an heir the right to have one-third of any surplus remaining in the hands of the administrator arising from the sale of real estate, made under order of court to pay debts of decedent's estate, paid to her because of her inchoate interest in such real estate.

From Gibson Circuit Court; S. L. Vandeveer, Judge.

Final report by John C. Stormont, administrator of the estate of James T. Stormont, deceased, to which Margaret Stormont filed exceptions. From a judgment for the administrator and another, Margaret Stormont appeals. Affirmed.

Luther Benson, for appellant.

*Charles O. Baltzell* and *Robert C. Baltzell,* for appellees.

BATMAN, J.—The record in this case discloses that James T. Stormont departed this life intestate in the month of February, 1917, the owner of a certain tract of land. He left surviving him as his only heirs at law his brother, John C. Stormont, and his sister, Elizabeth Kell. The appellant at the time of the death of said decedent, for some time prior thereto, and continuously to the rendition of the judgment herein, was the wife of the said John C. Stormont. In the month of March of said year, said John C. Stormont was duly appointed administrator of the estate of said decedent and, after being qualified, entered upon the discharge of his duties as such. In the course of the administration of said estate, the administrator discovered that the personal property thereof was insufficient to pay a certain debt secured by a mortgage on the real estate, the claims filed against said estate, and the cost of administration, and thereupon filed his petition asking for an order to sell said real estate for the purpose of securing funds with which to pay said mortgage debt, claims and cost. The said John C. Stormont, Elizabeth Kell, Margaret Stormont, the appellant, and the holder of said mortgage were made parties to said petition and all appeared thereto. The first two named filed their written assent to the sale of said real estate. The said mortgagee also filed his written assent to the sale of said real estate and asked that his lien thereon be transferred to the funds arising from such sale. Appellant filed an answer to the petition and also a cross-complaint against the petitioner and her codefendants in which she set up the fact that she was the wife of her codefendant John C. Stormont, one of the heirs of said decedent; that the value of said

real estate was in excess of the amount required for the payment of the liabilities of said estate, and therefore, in the event of a sale thereof, there will be a surplus for distribution between the heirs of said decedent; that, unless otherwise ordered, one-half of said surplus will be paid to her husband, John C. Stormont, as one of such heirs; that she, being the wife of said John C. Stormont, will be entitled to one-third of that portion of such surplus that will belong to her husband. She therefore asked that said portion of any such surplus be ordered paid to her. After a hearing on said petition, the court entered an order for the sale of said real estate by the administrator of the estate, in which it was provided, among other things, that any interest which appellant may have in said real estate, by reason of being the wife of said John C. Stormont, is transferred to the proceeds of said sale in the hands of the administrator without being prejudiced by said sale. In pursuance of the order the administrator sold the real estate for the sum of $2,400, which the purchaser paid in cash and to whom a deed was duly executed after an approval of the sale by the court. Thereafter the administrator filed his final report in said estate, in which he represented to the court, among other things, that he had fully administered said estate and, that after paying the indebtedness secured by the mortgage on the real estate and all claims against the estate and the cost of administration, there remained in his hands a balance arising from the sale of the real estate amounting to $1,654.09; that said decedent left surviving him as his only heirs Elizabeth Kell, a sister, and John C. Stormont, a brother, who were entitled to share said amount equally. His report concluded with a prayer that he be granted an order to make distribution of the balance accordingly. Appellant filed exceptions to this report, based on the fact that she was the wife of John C. Stormont,

one of the heirs of the decedent, and the balance in the hands of the administrator for distribution was derived from the sale of real estate owned by said decedent at the time of his death. She asked that upon a hearing the court determine what amount, if any, she is entitled to receive from the proceeds of the sale of said real estate, and that she have an order directing the administrator to pay such sum to her. The issues tendered by the exceptions were tried by the court and on request a special finding of facts was made and conclusions of law stated thereon. The former embodied the facts stated above and the latter were in favor of appellees. Judgment was rendered on the conclusions of law that appellant's exceptions be overruled, that she pay the costs thereof, that the final report be approved, and that the surplus shown therein be distributed equally between appellees, John C. Stormont and Elizabeth Kell, as therein prayed. From this judgment appellant has appealed, and has assigned errors calling in question the several conclusions of law stated on the special finding of facts.

The only question presented by this appeal relates to the rights of a wife of an heir of a decedent to have one-third of any surplus in the hands of the administrator of such decedent arising from the sale of real estate, made by an order of court for the purpose of securing funds with which to pay the indebtedness of such decedent and the liabilities of his estate, paid to her because of her inchoate interest in such real estate. Appellant contends that such right exists, and that the court therefore erred in its conclusions of law. In support of this contention she asserts that, immediately upon the death of said James T. Stormont, the title to an undivided one-half of the real estate, subsequently sold by his administrator, vested in her husband, John C. Stormont, as one of his heirs; that she thereby ac-

quired an inchoate interest in that portion of said real estate inherited by her husband from said decedent; that the sale of said real estate by the administrator of said decedent was a judicial sale thereof, within the contemplation of §3052 Burns 1914, §2508 R. S. 1881, and that thereby her inchoate interest became absolute and vested; that because of such fact she was entitled to share in the distribution of the surplus in the hands of the administrator arising from the sale of said real estate. We cannot concur in the conclusion reached by appellant. It has been held that the sale of real estate by an administrator under an order and decree of court is a judicial sale. *Pierce* v. *Vansell* (1905), 35 Ind. App. 525, 74 N. E. 554. However, it does not follow that such a sale brings into operation §3052, *supra*. A consideration of the act of which said section is a part leads to a conclusion that its purpose was to give to the wife of a husband *who is deprived of his real estate by his creditors through a judicial sale* an absolute and vested title to that portion of such real estate that would belong to her at his death if she survived him without relinquishing her inchoate interest therein. This conclusion finds support, not only in the manifest intention of the legislature in making such provision, but also in various decisions of the Supreme Court. The act in question was passed in 1875. In the case of *Lawson* v. *DeBolt* (1881), 78 Ind. 563, it was said: "The act of 1875 intends, that in all cases where the property of the husband goes to satisfy the demands of his creditors, and goes by virtue of any legal process, order, writ, judgment or decree of court, or through any judicial intervention, the wife shall have an immediate right, and not be postponed until the death of her husband. The character of the means which takes the property from her husband, and applies it in satisfaction of the demands of the creditors, is not the material or con-

trolling consideration. The important thing is the end
reached, not the means by which it is attained." In'
the case of *Kelly* v. *Carnary* (1891), 129 Ind. 460, 29
N. E. 11, the court, in considering said §3052, *supra,*
said: "It is the purpose of this statute to secure the
wife not only against the misfortunes of her husband,
but his improvidence as well." This was held to be
the keynote of the statute in the later case of *Green* v.
*Estabrook* (1906), 168 Ind. 123, 79 N. E. 373, 120 Am.
St. 349. If this be true, then it is fair to assume that
the legislature did not intend that the act should apply
except where, through misfortune or improvidence, the
real estate of a husband is taken by means of a judicial
sale to satisfy the demands of his creditors. To hold
that the statute should be applied in anticipation of mis-
fortune or improvidence where no such judicial sale was
had, would be unreasonable. In the case of *Haggerty*
v. *Wagner* (1897), 148 Ind. 625, 48 N. E. 366, 39 L.
R. A. 384, the court, after stating the provisions of the
second section of the act of 1875, being §3053 Burns
1914, §2509 R. S. 1881, said that such provisions indi-
cated that it was "the legislative intent to deal with
creditors' judicial sales, and not partition judicial sales."
In the case just cited the rights of the husband's cred-
itors were not involved. In the later case of *Staser* v.
*Gaar, Scott & Co.* (1906), 168 Ind. 131, 79 N. E. 404,
the court had under consideration a partition suit,
wherein certain judgment creditors of one of the ten-
ants in common of the real estate, which had been sold
by a commissioner in pursuance of an order of court,
filed an intervening petition to have the funds in the
hands of such commissioner, so far as they belonged to
said judgment debtor, subjected to the payment of their
respective judgments. The question was presented as
to whether the wife of such tenants and debtor, by
reason of her inchoate interest in said real estate, was

entitled to one-third of her husband's share of the proceeds derived from such sale as against such creditors. In determining this question the court said in the course of its opinion: "An inchoate right of dower has been recognized as a subject of judicial protection in some circumstances and, since the enactment of the statute of 1875, *supra* (§3052 Burns 1914), there has been no hesitancy on the part of this court in recognizing the wife's right to protection *as against creditors*, * * * While we recognize the fact that for some purposes there may be a difference as to the character of the proceeds between a sale which is involuntary, so far as the owner is concerned, and one in which the very purpose on the part of the owner in instituting the suit is to turn the land into money, yet the proceeding in this case, being involuntary as to the wife, and there being an attempt on the part of the creditors to break into the essential unity of the suit, *and convert it into a process of execution,* it is our opinion, that she is entitled *as against them* to one-third of her husband's share of the proceeds. Her marital right has been converted into money, and while it may be that her husband would be authorized, by virtue of the partition statute, to draw out his whole share of the fund, yet general creditors, who are without special equities, are not entitled, by reason merely of the fact that they have omitted to make themselves parties before the sale, to obtain her interest. What they could not do directly they cannot accomplish by indirection, particularly in equity. * * * The right of the wife in such a case as this is secured by treating the proceeds of her husband's interest as real estate, under the doctrine of equitable conversion. * * * The general rule of equitable conversion is that, where there has been a compulsory conversion of real estate into money, it will be treated as real estate until the person authorized to

draw it elects to accept it in that form.   3 Pomeroy, Eq. Jurisp. (2nd ed.) §1167.   Here, the devolution of the property was involuntary, so far as the wife was concerned, and, in the circumstances, *with the wife and judgment creditors contending over the proceeds,* we cannot doubt that it was the duty of the court, for the purpose of securing to her the rights given by statute, to treat the fund, which it will be observed that such creditors were seeking to appropriate by an order amounting to an *equitable execution,* as subject to the equity of the wife to the same extent as if such proceeds were real estate.   *   *   *   It was by the voluntary action of the creditors that they sought by their intervening petition, in effect, *to convert an ordinary partition sale into a judicial sale for the payment of the husband's debts,* and, under the liberal interpretation which has been given to the statute of 1875, *supra,* we perceive no reason why the wife may not, *as against them,* successfully follow the proceeds in the hands of the commissioner, for the purpose of securing her marital rights." (Our italics.)   See, also, *Darby* v. *Vinnedge* (1913), 53 Ind. App. 525, 100 N. E. 862.

None of the foregoing cases involve sales of real estate by the administrator of a decedent to procure funds with which to pay his debts or the liabilities of his estate, but they involve the rights of wives under the statute under consideration, and clearly support the conclusion we have hereinbefore announced.   In the instant case it will be observed that the judicial sale of the real estate in question was not made for the purpose of securing funds with which to pay the debts of appellant's husband, but was made for the purpose of securing funds with which to pay the indebtedness of his deceased brother, James T. Stormont, through whom he acquired an interest in the funds in question as his heir. This being true, it is obvious that said §3052,

*supra,* upon which appellant relies, has no application under the construction indicated. It follows that the court did not err in stating its conclusions of law.

Judgment affirmed.