Sluss *v.* Shrewsbury and Another.

*H. W. Chase, J. A. Wilstach, J. E. McDonald* and *A. L. Roache*, for the appellant.

---

## SLUSS *v.* SHREWSBURY and Another.

Where a party in his demurrer to a complaint, undertakes to point out specifically each particular ground of objection, he should be

Sluss *v.* Shrewsbury and Another.

held to the restricted demurrer, and if he omits to point out any defects which exist, they will not be available in this Court.

APPEAL from the *Monroe* Circuit Court.

PERKINS, J.—The points relied upon for the reversal of the judgment in this case are:

1. Error in the Court in overruling a demurrer to the complaint.

2. In rejecting a demurrer.

The suit is against an insolvent debtor's assignee, and it is contended, that the complaint should aver a special demand, and that it does not.

Waiving now the question of fact whether the complaint does not substantially allege a demand, we think the objection, if it does not, can not now be raised. The defect is one that a verdict cures, where the objection on account of it was not saved below. *Crake* v. *Crake*, at this term. We think the objection was not saved in this case. All the demurrers filed by the defendant to the complaint were substantially in this form: The defendant demurs to the complaint because it does not state facts sufficient in this, or for these reasons; viz: specifying the particular grounds why it did not state sufficient facts. In no demurrer going to the whole complaint was the objection made that it did not allege a special demand. The plaintiff amended his complaint three times, at least, to meet objections specified, and, had the want of a demand been mentioned, it would doubtless, at once have been inserted, as it appears from the record that a special demand had been made, and also a special promise in writing to pay, by the assignee. See *Vance* v. *Cowing*, 13 Ind. 460; *The State* v. *Leach*, 10 Ind. 308.

We think the party should be held to the restricted demurrer. But, in point of fact, we find some of the paragraphs in the complaint do expressly allege a demand and

special promise to pay; and as there are three or four successive complaints, as amended, on file, it is not easy for the court, in the state of the record,.to determine what constituted the complaint on which the final trial was had. It appears that one amendment was filed alleging, expressly, demand, &c., and that it was rejected on the defendant's motion; for what reason, we do not know; but perhaps, because it was considered that the same averment was already in the complaint.

No point can be made on the rejection of the demurrer, because the record does not inform us of the reason why it was rejected. ·Perhaps it was filed against a rule of Court, or an arrangement of counsel; we can not tell, but must presume its rejection was right.

*Per Curiam.*—The judgment is affirmed with five per cent. damages and costs.

*J. E. McDonald* and *A. L. Roache,* for the appellant.

*Joseph W. Chapman* and *C. E. Walker,* for the appellees.