## SIMPSON *v.* GOWDY and Another.

Where the property of an insolvent debtor is conveyed to a person in trust, to be by him sold and disposed of, for the benefit of the creditors of the assignor, and such person accepts said trust, and in discharge of the duties thereof, converts all of said property, except one claim, into money, and distributes the same, *pro rata*, among all the creditors, except one, to whom he pays nothing, and, then, from motives of sympathy, indulges the party owing said uncollected claim, until the same is barred by the statute of limitations, and is thereby lost, such trustee will be liable for the amount of said claim, to the creditor to whom he had paid nothing, to an amount sufficient to make him equal, in the distribution of the entire proceeds of said property, with the other creditors.

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—One *Thomasson* was indebted to *Gowdy* and *Terry*, and several other persons. *Arthur J. Simpson, Esq.,* was the attorney for the larger portion of these creditors, and *John Baker, Esq.,* for the residue; and the claims of the creditors against *Thomasson* were in the hands of these attorneys for collection.

*Thomasson* being unable to pay the cash, assigned property to these creditors, deemed sufficient to produce a fund equal to the aggregate of the debts. The property consisted of dry goods, etc., was accepted by the creditors, and placed in the hands of their said attorneys, who undertook to dispose of it for the payment of the debts. Subsequently, *Baker* relinquished all participation in the management of the property to *Simpson*, leaving to him the task of disposing of the property and paying all the claims, those in his own hands and those in the hands of *Baker*. *Simpson* undertook to perform the task. He sold all of the property, and, out of the proceeds, paid all of the creditors, except *Gowdy* and *Terry*, sixty per cent. on the amount of their claims. To *Gowdy* and *Terry* he had paid nothing up to the

Simpson *v.* Gowdy and Another.

time of this suit; but there was still due to *Simpson*, on the sale of the property, enough to pay them about the same percentage that the other creditors had received, and for about that per cent. the Court gave judgment against *Simpson*, in this case.

As has been indicated, *Simpson* had not collected the amount for which judgment was given against him; and the reason why he had not, was, that the person owing the amount to him had been unfortunate, and, through sympathy for him, in his misfortunes, *Simpson* had indulged him till the statute of limitations had come to his relief.

There was doubtless humanity in this, on the part of *Mr. Simpson;* but he will have to learn, if he has not already, that the cry of the debtor, for the sympathy of his creditor, generally falls upon a deaf ear, and the law knows of no such plea as sympathy or humanity, as a defense to an action for the debt.

Properly, an action against a trustee should be for an accounting and distribution; but, in this case, as all the other creditors received their *pro rata* share, as determined by the assignee, and the property remaining, for which he is accountable, is just about the sum to which the appellees are entitled, we think this judgment should be suffered to stand. See *Bennett* v. *Preston et al.*, 17 Ind. 291. *Huss* v. *Shrewsberry*, 18 Ind. 79. *McClerry* v. *Matson*, 2 *Id.* 79.

The complaint averred a demand and refusal to pay before suit brought; and, if a demand was necessary, at all, and the averment of it was not sufficiently special, a motion should have been made to the Court to require it to be averred with more particularity and certainty. A demand was proved on the trial. On the whole, we think the judgment should be affirmed, with one per cent. damages and costs.

*Per Curiam.*—The judgment is affirmed accordingly.

*A. J. Simpson*, for the appellant.

*Ambrose B. Carlton* and *Gideon Putnam*, for the appellees.