## Jones *et al. v.* Reeder.

FRAUDULENT CONVEYANCE—CREDITORS.—*A* owned a tract of land, and with intent to defraud his creditors, conveyed it, without consideration, to *B*, who, to aid *A* in accomplishing his fraud, conveyed it, without consideration, to *C*. *C* mortgaged the land to the sinking fund for a loan of 500 dollars, which he received; *C* was a party to the purpose of *A* to defraud his creditors. The State received the mortgage made to the sinking fund, and made the loan in good faith. All of said conveyances, except the mortgage to the sinking fund, were set aside by a decree of the proper Court, and the land ordered to be sold, subject to said mortgage, for the benefit of the creditors of *A*. The land did not sell for enough to pay them. Suit was then brought against *C*, to compel him to account for and pay over to *A's* creditors the 500 dollars obtained by the said mortgage.

*Held*, that *C* was entitled to the money as against *A*, but held it in trust for the creditors of *A*, to whom he was liable to account and pay it over.

APPEAL from the *Howard* Circuit Court.

PERKINS, J.—The complaint in this case shows that *John D. Jones & Co.* recovered a judgment in the *Howard* Circuit Court, at the *November* term, 1856, against *Jonathan Reeder*, for over 1,600 dollars.

It further shows that, at that time, said *Jonathan* owned a tract of land in *Madison* county, *Indiana*, and that, to defraud his creditors, he conveyed it without consideration to one *Ring*, who, to aid *Jonathan* in accomplishing his fraud, conveyed the same, without consideration, to *Joseph H. Reeder*, who mortgaged said tract of land to the sinking fund for a loan of 500 dollars, which he received, all of which acts were done by said *Joseph* as a party to the purpose of *Jonathan* to defraud his creditors. The State, however, received the sink-

Jones et al. *v.* Reeder.

ing fund mortgage and made the loan of 500 dollars in good faith.

The complaint further shows that all the foregoing conveyances, except the mortgage to the sinking fund, were adjudged void by the *Madison* Circuit Court, and the land in question ordered to be sold for the benefit of *Jonathan's* creditors, subject to the mortgage to the fund above mentioned; that the sale took place but failed to produce sufficient to pay the creditors, and this suit is now brought against *Joseph H. Reeder* to compel him to account for and pay over to *Jonathan's* creditors the 500 dollars he obtained by mortgaging *Jonathan's* land, held by him, *Joseph*, fraudulently, and without any consideration paid for it.

The Court below sustained a demurrer to the complaint on the ground of want of sufficient facts. We think the Court erred. We think the complaint makes a case against *Joseph* for an accounting and payment over of the money. He holds it absolutely as against *Jonathan*, but in trust as to the creditors of *Jonathan*. *Patridge* v. *Gopp*, 1 Eden. 163; *Ames* v. *Blunt*, 5 Paige 13; 1 Story's Eq., §§ 365, 368, 438, and notes; *Simpson* v. *Gowdy et al.*, 19 Ind. 292, and cases there cited.

The question in this complaint was not embraced in the former suit.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded with instructions to overrule the demurrer.

*Martindale & Grubbs*, for the appellants.

*Lindsey & Davis*, for the appellee.