Filed December 17, 1895.

---

No. 1,798.

## UNION NATIONAL BANK *v.* McCONAHA.

SALE ON EXECUTION.—*Of Husband's Real Estate.—Redemption by Wife.—Lien for Redemption Money.— Purchaser at Execution Sale.*—A married woman who redeems her husband's land from a foreclosure sale, under section 781, R. S. 1894, authorizing any person having an undivided interest in the property to redeem, and giving her a lien on the several shares of the other owners for their respective shares of redemption money, can enforce the entire amount thereof primarily against the two-thirds interest of a judgment creditor of her husband, who purchases the land at an execution sale on such judgment, by which, under section 2669, R. S. 1894, the title of one-third of the land vests absolutely in the wife, as the husband's interest in the land was primarily liable for the entire amount of the mortgage.

Union National Bank *v.* McConaha.

MARRIED WOMAN.—*Mortgage.—Foreclosure Sale.—Surety.*—A married woman, who has joined in a mortgage of her husband's land, occupies a position analogous to that of a surety, and in a decree for sale of such land under the mortgage, she may obtain an order to first offer two-thirds for sale.

From the Wayne Circuit Court.

*J. W. Newman* and *B. F. Harris*, for appellant.

*Johnson & Freeman*, for appellee.

GAVIN, C. J.—In 1883, one Taylor McConaha was the owner in fee simple of certain real estate in Wayne county, Indiana. The appellee was then and has since continued to be the wife of said Taylor. In February, 1893, appellant recovered against said Taylor a judgment upon which execution issued whereby on March 18, 1893, the land was sold to appellants at sheriff's sale and a proper certificate issued therefor. It was then subject to the superior lien of two mortgages executed in 1883 and 1889 by said Taylor and his wife to secure debts of said Taylor. September 24, 1894, appellant received a proper deed for the land. June 3, 1893, the land was sold upon a foreclosure of the mortgages. June 2, 1894, appellee redeemed from this foreclosure sale by paying $2,703.12. She then brought this suit to enforce against the land her statutory lien for the amount thus paid.

The vital question presented is: Can she enforce the entire amount primarily against the interest (two-thirds) in the land held by appellant, or is appellant entitled to hold its share of the land freed from her claim upon payment of two-thirds of the redemption money and interest?

In the case of *Vaughan* v. *Dowden, Admr.*, 126 Ind. 406, it was decided that a wife who has joined her husband in the execution of a mortgage upon his real estate to secure his debt, having been a party to the foreclosure,

and her husband being still alive, may, nevertheless, redeem, under section 769, R. S. 1881, being section 781, R. S. 1894. By this section any person having an undivided interest in the property sold may redeem the property sold or any parcel or parcels sold in one body, and "shall have a lien on the several shares of the other owners for their respective shares of redemption money" with interest, etc., which lien may be enforced by appropriate legal proceedings.

A married woman whose inchoate interest in her husband's real estate has been mortgaged to secure his debt, while not thereby becoming a surety in the strict sense of the term, does occupy a position in many respects analogous to that of a surety. *Crawford* v. *Hazelrigg*, 117 Ind. 63 (2 L. R. A. 139). This analogy extends so far as that she may on foreclosure obtain an order for the offer of the husband's two-thirds before her own interest shall be sold. *Leary* v. *Shaffer*, 79 Ind. 567; *Purviance* v. *Emley*, 126 Ind. 419; *Kelley* v. *Canary*, 129 Ind. 460; *DeArmond* v. *Preachers' Aid Society*, 94 Ind. 59.

Under these authorities appellee might at the time of the foreclosure have procured an order directing that the two-thirds of the land be first offered for sale.

When appellant purchased the land at sheriff's sale it knew that by its purchase and deed it would acquire but the two-thirds, and that the interest of appellee would thereby become vested and absolute in the other third under the act of 1875, R. S. 1894, section 2669.

That appellee was entitled to redeem and that she is entitled to recover some part of her redemption money, is not denied, but the position of counsel is that when the statute gives her a lien upon the several shares of the other owners for their "respective shares of redemption money" that means she can hold those interests for

that proportion of the redemption money which those shares of the land bear to the whole land and no more.

We do not so construe the statute. On the contrary, we are of opinion that the redemptioner is entitled to enforce against the shares of other owners that portion of the redemption money which those shares ought in law and equity to bear. When appellant purchased the land, that which it thereby acquired became, as between it and appellee's portion of the land, the primary fund from which the mortgages should be paid. *Bunch* v. *Grave*, 111 Ind. 351.

Whatever weight may attach to the implied criticism, in *Myers* v. *O'Neall*, 130 Ind. 370, with reference to some of the language of this and other cases upon which it is founded, the adjudication upon the point to which we cite it is direct and in harmony with both principle and other authorities. According to the principles announced in and enforced by that decision, if appellant had redeemed from the mortgage sale it could not have acquired a lien against appellee's share.

In *Vaughan* v. *Dowden*, *supra*, it is said : "The statute is remedial in its character, and is, therefore, entitled to a liberal construction."

By its judgment, appellant acquired a lien only on Taylor McConaha's interest in the land. This interest was the primary fund for the payment of the mortgages.

As between the husband's and the wife's respective interests in the land, the share of the mortgage which should be borne by the husband's interest was the entire amount thereof. This amount was therefore properly chargeable upon the husband's interest which had come into appellant's possession or ownership.

While the form of the decree is somewhat criticised,

the result attained is eminently just, giving to each party all that could be rightfully claimed either under the statute or upon the broad principles of equity.

Judgment affirmed.

Filed December 18, 1895.