### BINFORD v. DUKES.

[No. 3,292.    Filed December 12, 1900.]

APPEAL AND ERROR.—*New Trial.*—Neither the ground that "a finding and judgment" on a counterclaim is contrary to law, nor that it is contrary to the evidence, is a cause for a new trial recognized by statute. *pp. 670, 671.*

SAME.—*Motions.*—*How Made Part of Record.*—To make motions to retax costs or to modify the judgment parts of the record by order of court, instead of by bill of exceptions, they must be set out in the order. *p. 671.*

From the Montgomery Circuit Court.    *Affirmed.*

*Irâ M. Sharp,* for appellant.

BLACK, J.—The appellant brought suit against the appellee, and among the pleadings filed by the latter was a counterclaim, a demurrer to which was overruled. Though this ruling is assigned as error, no objection to the counterclaim is pointed out. Therefore, this alleged error is waived. The cause was tried by the court, the finding being in favor of the appellant for a portion of the amount of a promissory note declared upon in the complaint, and the court rendered judgment in favor of the appellant for the amount of the finding and for his costs made on the issues joined on the complaint, and adjudged that the appellee recover of the appellant his costs laid out and expended on his counterclaim.

The appellant moved for a new trial of the issue joined on the counterclaim, assigning as the grounds of his motion: (1) Because "the finding and judgment" of the

court in favor of the appellee on the counterclaim is contrary to law.; (2.) because "the finding and judgment" of the court in favor of the appellee on the counterclaim "is contrary to the evidence." Neither of these grounds is a cause for a new trial recognized by the statute.

The appellant has assigned as error the overruling of his motion to retax the costs; also, the overruling of his motion to modify the judgment. There is no bill of exceptions in the record, and neither of these motions is contained in an order of court making it a part of the record.

To make such motions parts of the record by order of court, instead of by bill of exceptions, they must be set out in the order. *Close* v. *Pittsburgh, etc., R. Co.,* 150 Ind. 560.

Judgment affirmed.