Bartmess *v.* Holliday.

---

## BARTMESS ET AL. *v.* HOLLIDAY.

[No. 3,875. Filed November 1, 1901.]

APPEAL AND ERROR.—*Record.*—*Motion to Modify Judgment.*—The action of the court in overruling a motion to modify a judgment cannot be reviewed on appeal where the motion was not preserved by bill of exceptions, and was not incorporated in an order of court purporting to make same a part of the record without a bill of exceptions. *p. 551.*

HUSBAND AND WIFE.—*Inchoate Interest of Wife.*— *Foreclosure of Mortgage.*—*Surplus Arising from Sale.*—Under §2669 Burns 1901, providing that in case of judicial sales of real estate when the inchoate interest of the wife is not directed by the court to be sold or barred by virtue of the sale, such inchoate interest "shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest now becomes absolute upon the death of the husband," etc., a wife is entitled to the surplus arising

Bartmess *v.* Holliday.

from a foreclosure sale, as against the creditors of her husband, the surplus being less than one-third of the amount for which the property sold under the foreclosure sale. *pp. 551, 552.*

HUSBAND AND WIFE.—*Inchoate Interest of Wife.—Foreclosure of Mortgage.—Surplus Arising from Sale.*—Where, in an action to foreclose a mortgage executed by husband and wife, certain judgment creditors of the husband were made parties defendant without stating their interest, and the wife being served with process failed to appear and was defaulted, the court had no jurisdiction to determine the rights of the creditors in the surplus, after the satisfaction of the mortgage, as against the interest of the wife. *pp. 553-555.*

APPEAL AND ERROR.—*Record.—Summons.—Process.*—Where, on appeal, no summons except that requiring an appearance of the defendants to the plaintiff's complaint is shown by the record, it must be regarded as shown that there was no other summons for a defendant who did not appear in person or by attorney, since under §662 Burns 1901 a summons for a defendant who has not appeared to the action is to be deemed a part of the record. *pp. 553-555.*

JUDGMENTS. — *Review. — Exceptions. — Jurisdiction.* — A judgment rendered without jurisdiction may be reviewed without exceptions having been saved thereto in the trial court. *pp. 556, 557.*

From Tippecanoe Circuit Court; *W. D. Wallace,* Judge.

Action by Sarah Holliday against William F. Bartmess and others to review a judgment. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*C. E. Thompson, D. E. Storms, B. W. Langdon, W. R. Coffroth, W. V. Stuart, E. P. Hammond* and *D. W. Simms,* for appellants.

*C. M. Bright,* for appellee.

BLACK, C. J.—The appellee, Sarah Holliday, brought her proceeding in the court below to review a judgment of that court, and obtained a modification of that judgment. William F. Bartmess, William V. Stuart, and George B. King appealed to the Supreme Court, from which the cause was transferred to this court.

The facts shown by the appellee's amended complaint with her supplemental complaint, so far as they need be stated here, were substantially as follows: On and prior

to September 19, 1896, the appellee was, and she still is, a married woman, wife of Eli Holliday. On the 14th of December, 1898, James Lucas filed his complaint in the court below, against Eli Holliday, and the appellants Bartmess and Stuart, and the appellee. The complaint for review showed the proceedings in that cause, setting out the various papers filed and the orders and entries of record therein; and it thus was made to appear that on the 16th of December, 1898, the appellant Bartmess, by his attorneys, entered his appearance to that suit, and on the 2nd of January, 1899, the appellant Stuart, by his attorneys, entered his appearance thereto; and the appellee and her husband, Eli Holliday, were duly defaulted, the summons with the officer's return of service upon the defaulted defendants and the usual and proper proceedings in case of such a default being set out. The summons was dated December 14, 1898, and required the parties summoned to appear on the 27th of December, 1898, and "to answer the complaint of James Lucas filed in said court against them", etc.

On the 7th of January, 1899, the appellant Bartmess filed his answer in that cause. On the 9th of January, 1899, the plaintiff, Lucas, by leave of court, filed his amended complaint therein, which is set out in the complaint for review, being his complaint against Eli Holliday and the appellee and the appellants Bartmess and Stuart, in two paragraphs, one seeking judgment against Eli Holliday on his certain promissory note executed by him to Lucas on the 3rd of April, 1897, due one year after date, and the foreclosure of a mortgage of the same date executed to Lucas by Eli Holliday and the appellee, his wife, on a certain tract of eighty acres of land in Tippecanoe county, given to secure said note, this paragraph of complaint alleging, that "defendant William F. Bartmess and William V. Stuart are claiming some interest in said lands, the exact nature of which is to the plaintiff unknown, but which plaintiff says is inferior to plaintiff's rights, and they are made

parties hereto to set up whatever interest they may have."
The prayer of this paragraph was for judgment against Eli
Holliday for a certain sum and that as against all defend-
ants "said realty be foreclosed; that the same be sold to
satisfy the same, and for all other proper relief." In the
second paragraph the plaintiff, Lucas, sued upon certain
promissory notes executed September 19, 1896, by Eli Hol-
liday to one Charles H. Crain, and sought to foreclose a
mortgage of the same date given to secure said notes, exe-
cuted to the payee by Eli Holliday and the appellee, his
wife, said notes and mortgage having been assigned in writ-
ing by Crain to Lucas, on the 19th of September, 1898. In
this paragraph it was alleged as to the appellants Bartmess
and Stuart, that they were "claiming liens on said realty,
the exact nature of which is to the plaintiff unknown, but
which plaintiff says is inferior to his lien thereon"; and the
plaintiff, Lucas, prayed judgment against Eli Holliday for
a further certain sum; and "that as against all the defend-
ants herein his mortgage be foreclosed; that the said prem-
ises be sold to satisfy plaintiff's judgment, and for all other
proper relief." There were proper exhibits to both para-
graphs, duly set out.

In the further proceedings in that cause set forth in the
complaint for review, it appeared that on the day on which
the amended complaint was filed, January 9, 1899, the ap-
pellant Bartmess withdrew his answer theretofore filed as
above shown, and filed his "answer to the plaintiff's com-
plaint", alleging in this answer that on the 9th of February,
1898, he obtained judgment against Eli Holliday in a speci-
fied amount, in a court of Tippecanoe county, and that this
judgment was "a junior lien to the plaintiff's said mort-
gages. He asks that the proceeds of said sale be first applied
to the payment of the plaintiff's claims and costs, and the
balance applied to the payment of the judgments according
to the priority of the said liens." On the same day the
appellant Stuart filed his separate "answer to the plaintiff's

complaint", admitting therein that the mortgages constituted a first lien, and alleging that on the 24th of October, 1898, he recovered a judgment against Eli Holliday, in the court below, in a specified sum, "which is unpaid, and which is a lien as of that date upon all the lands in said county of" Eli Holliday, subject to the plaintiff's mortgage, and praying that his said judgment be protected in the decree to be entered in said cause, and for all proper relief. Thereupon, on the same day, as shown by entry of record in said cause, "upon the services of process heretofore shown in the record upon Eli Holliday and Sarah Holliday, said Eli Holliday and Sarah Holliday are each of them three times audibly called, but come not, but herein wholly make default to said amended complaint; and this cause now being at issue as to the parties appearing, it is by agreement of the parties appearing now submitted to the court for trial without the intervention of a jury, on the default of the defendants Eli Holliday and Sarah Holliday." Then followed the court's finding in favor of the plaintiff, Lucas, against Eli Holliday, for a certain sum ($3,169.10), and that as against all the defendants therein the plaintiff was entitled to a decree of foreclosure against the land described in said mortgages; that the plaintiff, Lucas, had a first lien against the land; that there was due the appellant Bartmess, as against Eli Holliday, on the judgment set up in his answer, $262.25, with interest, etc., and that the lien of the same was second and inferior to that of the plaintiff, Lucas; that there was due the appellant Stuart as against Eli Holliday on the judgment set up in his answer $1,036.22, with interest, etc.; that the lien of the same was third and inferior to the lien of plaintiff, Lucas, and inferior to the lien of appellant Bartmess. One John Holliday also was a defendant in the foreclosure suit, who filed his answer setting up his tenancy under a lease from Eli Holliday; and the court also found that John Holliday was the tenant of Eli Holliday, and as such was entitled to the possession of the real estate in

question until a date stated. The connection of John Holliday with the case needs no further notice. And, thereupon, the court rendered personal judgment against Eli Holliday in favor of the plaintiff, Lucas, for the amount found due him, and adjudged and decreed that the equity of redemption of the defendants Eli and Sarah Holliday and Bartmess and Stuart and all persons claiming under them in and to the mortgaged premises be foreclosed, and ordered sale thereof, and that the proceeds be applied, (1) to the payment of costs; (2) to the payment of plaintiff's judgment, the overplus, if any, to be paid by the sheriff, first to the satisfaction of the judgment of Bartmess, next to the satisfaction of the judgment of Stuart, the balance, if any, to be paid to Eli Holliday, provided the sheriff should have in his hands executions on said judgments in favor of Bartmess and Stuart; otherwise the overplus to be paid into court, etc.

The complaint for review, after thus setting forth the proceedings and judgment in the original action, alleged what the court therein adjudged, the averments concerning the judgment being in agreement with the entry of record so set forth. It was further alleged in the complaint for review that the appellee never appeared, either in person or by attorney, to the original action or to any proceeding had therein, but that the decree therein was rendered upon her default; that on and prior to the 17th of September, 1896, said Eli Holliday was the owner in fee simple of said land, and on the 9th of January, 1899, and on the day of the rendition of said decree he was, and he still is, the owner thereof in fee simple; "that the above and foregoing contains a full, true, and complete copy of all the pleadings filed and also of all the orders and decrees made of record in said cause"; and that the land in question, at the time of the rendition of said decree, was of the value of $4,800. The complaint for review then averred manifest error in said decree, in a number of specifications, some of which will be recited later in this opinion.

As to the appellant King, it was charged in the amended complaint that he was sheriff of said county, and as such he was about to sell the land under said decree, and that unless restrained by order of court, he, after satisfying the first lien in favor of Lucas, would apply the surplus, if any, to the satisfaction of said junior liens, in violation of the rights of the appellee as the wife of Eli Holliday; that as such wife she was entitled as against said junior liens to one-third of said real estate, or one-third of the proceeds arising from the sale thereof. Prayer, that the proceedings be reviewed, and that the decree be opened up and modified so that it be decreed that in case of sale while appellee remains the wife of Eli Holliday, she shall be entitled as against the judgments of appellants Bartmess and Stuart to the undivided one-third part of the land or of the proceeds of sale; and that King, the sheriff, be restrained, etc.

Besides the appellants, Eli Holliday was made a defendant to the proceeding for review, and duly defaulted. Afterward, the appellee filed her supplemental complaint showing that since the filing of her complaint for review the sheriff, King, by virtue of the decree aforesaid, had sold the land for $4,600 cash; that after the satisfaction and full payment of the Lucas mortgages and costs of foreclosure, there still remained in his hands a surplus of $1,231.65; that before his sale the appellee notified him that as the wife of Eli Holliday she claimed the surplus, etc., to the extent of one-third the value of the land sold; that after the sale, and while the surplus was still in the possession of King, she demanded of him that all the surplus be paid to her, as it did not exceed one-third the value of the land, etc.

The appellants separately demurred to the appellee's amended complaint and supplemental complaint, for want of sufficient facts. These demurrers having been overruled, and the demurrants, severally, having elected to stand by their demurrers, the court rendered judgment thereon in favor of the appellee against the appellants and against

Eli Holliday, and it was adjudged that so much only of the order and judgment in the original action as directed how the surplus of purchase money arising from the sale of the mortgaged property should be disposed of be reviewed, opened up, and set aside, setting out the words of the decree thus set aside and held for naught. The appellants, severally, moved to modify this judgment, and the overruling of this motion is assigned separately by the appellants as one of the alleged errors relied upon here, but this specification will not be further noticed, because the motion was not preserved by bill of exceptions, and was not incorporated in an order of court making it a part of the record, the order of court relating thereto being, "and said motion, ruling thereon, and exceptions thereto are by order of the court made a part of the record herein without a bill of exceptions." *Close* v. *Pittsburgh, etc., R. Co.,* 150 Ind. 560; *Allen* v. *Hollingshead,* 155 Ind. 178; *Binford* v. *Dukes,* 25 Ind. App. 670.

The appellee's claim herein is based upon the theory that, as against the judgment creditors Bartmess and Stuart, the appellee as the wife of Eli Holliday, the judgment debtor, whose prior mortgages upon his land, in which the appellee joined, were foreclosed, is entitled to one-third of the real estate, or one-third of the proceeds thereof, under the statute, §2669 Burns 1901, §2508 R. S. 1881.

In *Purviance* v. *Emley,* 126 Ind. 419, it was held that where a wife joins her husband in a mortgage of his land to secure his debt, she, in a suit to foreclose the mortgage, has a right, under this statute, to an order directing that her husband's two-thirds interest be first offered for sale to satisfy the mortgage debt; and that if upon the foreclosure sale the husband's two-thirds interest in the land should not sell for enough to satisfy the mortgage debt, and the wife's inchoate interest of one-third be also sold, she is entitled to the proceeds of such one-third interest, that is, to one-third of the proceeds of the sale of the land, as against

all the creditors of her husband other than the mortgage creditor.    *Kelley* v. *Canary,* 129 Ind. 460; *Union Nat. Bank* v. *McConaha,* 14 Ind. App. 82.

The statute above mentioned provides that in cases of such sales, when the inchoate interest of the wife is not directed by the court to be sold or barred by virtue of the sale, the wife's inchoate interest "shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest now becomes absolute upon the death of the husband," etc.; and in *Lewis* v. *Watkins,* 150 Ind. 108, it was said to be settled law in this State, that the interest a widow inherits in the real estate of which her husband dies seized, as against creditors, is free from all demands of such creditors, and that an order of court to sell such interest to pay the debts of the estate, unless secured by a mortgage or other lien on said real estate which binds her interest therein, and the sale thereof, are absolute nullities, and if such interest is sold the purchaser takes no title thereto; but that if the widow consent to such sale by the administrator under order of court, and afterward receive her share of the purchase money, she would be estopped from disputing the validity of the sale.

There can be no doubt that the appellee was entitled to the entire surplus of the proceeds of the land after the payment of the mortgage debt, the surplus being less than one-third of the amount for which the property sold under the foreclosure, and that neither of the appellants was entitled to any portion of the surplus.

The question is not involved as to whether any order could properly be made in favor of the appellee in connection with the decree of foreclosure for the distribution or application of the surplus, if any, after satisfaction of the mortgage debt.    It seems clear that the order for distribution to the judgment creditors could not properly be made as against the wife of the mortgage debtor, and the question before us relates to the sufficiency of the facts stated in her complaint to constitute a cause of action.

It is contended for the appellants that the complaint herein did not properly charge and set out the complaint in the original action; that it is not by direct averments alleged what were the contents of the complaint of Lucas to foreclose the mortgages, but its contents are shown only by incorporating it into the appellee's complaint herein. This objection cannot be sustained. Whether or not mere references to an exhibit filed with the complaint for review, without averments as to the contents of the complaint in the original action, would be sufficient, need not be decided. Here the complaint of the appellee by its averments in connection with the alleged proceedings in the suit for foreclosure showed the contents of the complaint in that suit sufficiently for the purposes of a suit to review the judgment. *Findling* v. *Lewis,* 148 Ind. 429; *McDade* v. *McDade,* 29 Ind. 340.

Among the alleged errors specified in the appellee's complaint, it was assigned that the court erred in the order of distribution of the surplus, reciting that part of the decree, in substance. It was also assigned that the court had no jurisdiction of the person of the appellee to render any judgment or decree against her affecting her right to the surplus money remaining from the sale of the land, after the satisfaction of the Lucas mortgages and the decree thereon, to the extent of one-third of the value of said real estate. It was also assigned that the court had no jurisdiction of the subject-matter to render any judgment or decree against the appellee affecting her rights to the surplus money remaining from the sale of the land, after satisfaction of the Lucas mortgages and decree thereon, to the extent of one-third of the value of the real estate.

Upon the service of the summons shown by the complaint herein, the court acquired jurisdiction of the appellee for the adjudication of the matters pleaded in the complaint of Lucas, which she was summoned to answer, but not for the adjudication of any affirmative demand against her in be-

half of the judgment creditors of her husband, the character or extent of whose claims even as to her husband were not indicated in the complaint.

In a proceeding for review of a judgment, the defendants may by answer deny that the record of the original action set out in the complaint for review is a correct and complete record. *Kiley* v. *Murphy*, 7 Ind. App. 239. By their demurrers the appellants admitted the correctness and completeness of the record set out in the appellee's complaint. That record shows that the appellee was twice defaulted, both times upon the summons of the plaintiff, Lucas, and that upon the day of the last default the order of distribution of the surplus was made in connection with the decree of foreclosure.

Under the statute (§662 Burns 1901, §650 R. S. 1881) a summons for a defendant who has not appeared to the action is to be deemed a part of the record. No summons except that requiring the appearance of the defendants to the plaintiff's complaint being in the record, it must be regarded as shown that there was no other summons for the appellee, who did not appear, in person or by attorney. Therefore, while the court had jurisdiction to determine her rights in the matter pleaded in the complaint of Lucas, wherein she was proceeded against merely as one of the mortgagors, and not as a lien-holder, it had no jurisdiction of her person for the adjudication as between her and the appellants of her right as a wife to the surplus after payment of the mortgage debt. So far as the judgment affected the appellee's right to the surplus in favor of the judgment creditors, it was void. *Beach* v. *Bell*, 139 Ind. 167.

She was not required, under the summons which was served upon her, to take notice that the judgment creditors of her husband might set up any claim except such as would affect the interest of her husband in the land or its proceeds. Indeed, the pleadings of the appellants Bartmess and Stuart

in the original action did not proceed as cross-complaints, but each purported to be merely an answer to the plaintiff's complaint, and the liens which they set up were liens not upon the interest of the appellee, but upon the interest of her husband. If they could be regarded as asking any relief incompatible with the interest of the appellee in the surplus, as wife of the judgment debtor, she can not be regarded as having had her day in court to answer such demands. No issue as to her right as wife to the surplus was tendered or made.

A proceeding for the review of a judgment for error of law appearing in the proceedings and judgment is in the nature of an appeal, and only allowable for errors of law apparent on the face of the record, for which the judgment would be reversed on appeal; but it differs from an appeal in that the only pleading necessary on appeal is the assignment of errors, while in the proceeding for review a complaint is necessary. Doubtless, it is a proper matter in such a complaint to show facts establishing the standing of the complainant as one entitled to bring the proceeding, as that he is an heir or devisee or the personal representative of a deceased party, or that he was under legal disability and filed his complaint within a year from the removal of the disability. So, in the appellee's complaint, the court not having obtained jurisdiction of her person for the purpose of ordering distribution of the surplus, it would seem to have been proper to show either that the title to the mortgaged real estate was in her husband or that it was her own property. In either case, she would have an interest, which, in connection with the fact that she was a party in the original suit, wherein an order was made affecting that interest, would give her a sufficient standing to seek a review of the judgment.

The arguments of all parties here proceed upon the unquestioned assumption that the husband was the owner in fee. Without the allegation in the appellee's complaint that

he was the owner in fee, it was sufficiently indicated as against the appellants by the pleadings, finding, and judgment in the original suit set forth, that any interest of the appellee in the real estate could not legally be reached by the appellants, who set up judgments against the husband alone, to which only his property could be subjected; and it also sufficiently appeared in the original suit that there was no proceeding therein which required her to set up her interest as against her husband's judgment creditors.

In *Jones* v. *Vert,* 121 Ind. 140, 16 Am. St. 379, it was said of a former suit to foreclose a mortgage: "There does not seem to have been any issue tendered or made, between the defendants. In short, there does not appear to have been any suit pending between them. Any judgment, therefore, that the court may have pronounced, which purported to settle any title or claims between the defendants was *coram non judice* and void." *McFadden* v. *Ross,* 108 Ind. 512; *Finley* v. *Cathcart,* 149 Ind. 470, 63 Am. St. 292.

In *Whitney* v. *Marshall,* 138 Ind. 472, it was held that a part of a decree which directed that a wife's inchoate interest in certain real estate be sold and barred, being outside of the matters submitted by the pleadings, was not *res judicata* and not conclusive or binding upon the parties.

We need not determine in this case whether or not an absence from the issues before the court of the matter of the rights of the appellee as against the judgment creditors to the surplus proceeds of the foreclosure sale would render the matter *coram non judice* and void in a collateral attack or on appeal. Here, the appellee was not before the court and bound to object to the proceedings relating to such matter. The court had not jurisdiction of her person for the purpose of the litigation of such question; and she may be heard on appeal to attack the order as void for want of jurisdiction of her person.

We have here to do with errors of law shown to be appar-

ent upon the face of the record in the original cause. Where there was jurisdiction of the person and of the subject, the general rule is that the question must have been saved in the court below by exception. Without jurisdiction, that is, in the absence of power of the court, its action is void, and no exception is needed. If the court had acquired jurisdiction of the person of the appellee in the matter of ordering the disposition of the surplus, by service of process under the pleadings actually filed by the judgment creditors, the question whether or not the action of the court actually taken could be presented for review without an exception taken below would be an important one here. The absence of power because of want of jurisdiction of the person of the appellee renders void the action of the court adverse to her interest in that behalf.

An appeal will lie from a void judgment. Though the party whose rights the judgment purports to affect may have other mode of relief, he may resort successfully to an appellate tribunal and secure thereby a judicial determination of its validity. *Board, etc.,* v. *Logansport, etc., Co.,* 88 Ind. 199; *Shoemaker* v. *Board, etc.,* 36 Ind. 175.

Among the various modes of attacking a void judgment, we think that by a complaint in form for review is one. See *Cain* v. *Goda,* 84 Ind. 209.

Upon the hearing, the court may reverse or affirm the judgment in whole or in part, or modify it, as the justice of the case may require. §632 Burns 1901, §620 R. S. 1881.

Judgment affirmed.