## DARBY ET AL. v. VINNEDGE.

[No. 7,818. Filed February 13, 1913. Rehearing denied June 5, 1913.]

1. HUSBAND AND WIFE.—*Rights of Wife in Husband's Real Estate.*—The law looks with favor upon the wife's interest in her husband's real estate, as well as upon her marital rights as widow in such real estate. p. 532.

2. MORTGAGES.—*Foreclosure.—Rights of Wife of Mortgagor.*—As against a mortgage in which the wife has joined, she may compel the holder to exhaust the husband's two-thirds before selling her one-third to pay the mortgage debt, and she is entitled to the surplus not exceeding one-third of the value of the whole of the land as against her husband's creditors, and the same rule applies in favor of a widow as to a purchase money mortgage in which she had not joined, where her husband conveyed the real estate encumbered by such mortgage. p. 532.

3. HUSBAND AND WIFE.—*Lands Purchased on Contract.—Rights of Wife.—Enforcement of Vendor's Lien.*—A wife may claim her one-third in lands purchased by the husband on contract, and may compel the holder of the vendor's lien to exhaust the husband's two-thirds before selling her one-third. p. 533.

4. HUSBAND AND WIFE.—*Rights of Wife in Husband's Real Estate.—Tax Liens.*—The widow of a deceased husband or the wife of a judgment debtor, is entitled to have a lien for taxes against the property owned by the husband paid out of the two-thirds of his lands. p. 533.

5. MUNICIPAL CORPORATIONS.—*Street Improvements.—Taxation.*—Street improvement statutes are considered an exercise of the power of taxation. p. 533.

6. HUSBAND AND WIFE.—*Fraudulent Conveyances.—Setting Aside Conveyance.— Rights of Grantor's Wife.— Street Improvement Liens.*—Where a conveyance by husband and wife was set aside as fraudulent as against his creditors, and the real estate was sold at judicial sale to the creditors, subject to the rights of the wife, but prior to the proceedings to set aside such conveyance, the fraudulent grantee had signed a waiver in order to procure the privilege of paying an assessment lien for street improvements in installments, such wife, as against the creditors, could compel the sale of the interest of such creditors and the application of the proceeds to the payment of such lien before resorting to her interest for its payment. pp. 533, 534.

7. FRAUDULENT CONVEYANCES.—*Fraudulent Grantee.—Trusts.*—A fraudulent grantee holds the land, conveyed to him in fraud of the grantor's creditors, in trust for such creditors. p. 534.

From Hamilton Circuit Court; *Meade Vestal*, Judge.

Action by Fannie C. Vinnedge against Evaline V. Darby and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Bell & Purdum, Gifford & Gifford* and *Bell, Kirkpatrick & Voorhis*, for appellants.

*Groninger & Groninger*, for appellee.

HOTTEL, J.—On August 17, 1909, appellee Fannie C. Vinnedge, filed in the Tipton Circuit Court her complaint in two paragraphs against the appellants, Evaline V. Darby, the Assets Realization Company, John P. Kemp, Michael Bath, as treasurer of the city of Tipton, John F. Barlow, as auditor of Tipton County and Leonard Compton as treasurer of said county. In the second paragraph of her complaint she averred in substance: that she and Samuel J. Vinnedge were then and for more than thirty years prior thereto had been husband and wife; that on April 13, 1897, and for sometime prior thereto her husband was the owner of lot one in block fourteen in the original plat of the city of Tipton; that on said day her said husband, she joining with him, conveyed said lot to Carl Kimball, who, on March 9, 1906, his wife joining with him, conveyed said lot to Lou Cottingham; that afterwards Evaline V. Darby and the Assets Realization Company commenced an action in said court against Samuel J. Vinnedge to recover judgment against him and subject said lot to the payment of such judgment on the ground that each of said conveyances were fraudulent as against the creditors of said Vinnedge, to which action the said Kimball and Cottingham were each made defendants; that on September 26, 1907, the court found and adjudged in said action that there was due Evaline V. Darby $2,486.86, and that there was due the Assets Realization Company $3,481.75 from said Samuel J., that said conveyances were each fraudulent and void, that said judgment was a lien on said lot, that said conveyances be set aside

and held for naught, and that said lot should be sold to satisfy the said amount found due each of said defendants, subject to the rights of plaintiff as the wife of said Samuel J.; that pursuant to said judgment and decree said lots were sold on December 14, 1907, to said Evaline V. Darby and the Assets Realization Company, subject to the plaintiff's right as the wife of said Samuel J.; that after a year had expired no one having previously redeemed said lot, the sheriff of said county made a deed therefor to Evaline V. Darby and the Assets Realization Company subject to the plaintiff's right therein as wife of said Samuel J.; that on May 12, 1909, the plaintiff in a partition proceeding filed in said court, procured partition of said lot between her and the said Assets Realization Company and said Darby and there was set off and apportioned to plaintiff 25 feet off of the east end of said lot as her one-third interest therein, since which time she has been the owner of said part of said lot; that at that time the entire lot was encumbered with a street assessment of $962.52 on account of the improvement of Madison Street in said city made in the year 1906; that said improvement was made payable in 10 equal installments at the option of the owner to the treasurer of said city, as provided by law; that on February 10, 1908, the defendant as treasurer of said city, sold said lot to the defendant, John P. Kemp for $265.14 on account of installments then due and delinquent on said street assessment; that said sale was made without first offering and exposing for sale the part of said lot owned by the defendants Evaline V. Darby and the Assets Realization Company; that the two-thirds interest of said defendants in said lot was at that time and is of the value of $3666.66 and if it had been offered separately at said sale would have sold for enough to have paid off and discharged the full amount of the street lien for which the whole of said lot was sold; that there were no other liens or encumbrances on said lot except about $250 taxes due said county and city; that the value of the entire

lot was $5,500; that such sale was without right or authority; that the defendants, Evaline V. Darby and the Assets Realization Company and John P. Kemp and each of them are making the illegal and unfounded claim that the plaintiff's said part of said lot set off to her is primarily liable for the payment of the third of said street lien and subject to be sold separately or jointly with the two-thirds owned by said Evaline V. Darby and the Assets Realization Company regardless of plaintiff's right therein or of the value of said two-thirds of said lot; and regardless of the fact that such two-thirds if offered separately would sell for enough to discharge the entire lien of said street improvement on all of said lot; that said defendants Darby and the Assets Realization Company intend to and will cause the defendant treasurer of said county to expose for sale and sell plaintiff's interest in said lot to satisfy the balance of said street lien as the same becomes due unless enjoined and restrained; that the defendants, the auditor of said county and treasurer of said city, threaten to and will execute to John Kemp a deed to plaintiff's interest in said lot unless enjoined; that the said claims of the defendants Kemp, Darby and the Assets Realization Company are unfounded and without right and a cloud on plaintiff's title. Appellee asks that her title in said lot be quieted as against said liens and that the several threatened acts be restrained and enjoined.

The first paragraph differs from the second in that it contained averments showing the existence of a tax lien on said lot when appellee's part was set off to her, and a sale by the county treasurer to satisfy such lien, the claims of the defendants on account of such lien and such sale and that such claims were a cloud upon plaintiff's title. The additional relief appropriate to such averments was asked.

Michael Bath, as treasurer of said city and Barlow as auditor of said county permitted judgment to go against them by default. The appellants, Darby, the Assets Real-

ization Company and Kemp each filed separate and several demurrers to both paragraphs of the complaint. Afterwards Kemp withdrew his demurrer and refused to plead over, and Compton, as treasurer of said county withdrew his former appearance and refused to plead further and judgment was then taken against each of said last-named defendants as on default.

The demurrers of Darby and the Assets Realization Company were each overruled as to each paragraph of complaint and exceptions properly saved. The appellants Darby and the Assets Realization Company then filed their joint and separate answer to that part of the complaint seeking to free appellee's part of said lot from the assessment for the improvement of West Madison Street in the town, now city of Tipton, in which answer they admit the averments of the complaint with references to the conveyances of said lot, and the setting aside of the same as fraudulent; that they, said appellants, acquired their title through such sale, and that appellee holds her title to the part of said lot set off to her as the wife of Samuel J. Vinnedge. The answer then avers in substance that the assessment lien for the improvement of said street was created by said city under the general provisions for the improvement of streets in cities and towns in force in this State in 1905; that during the year 1905 and for more than eight years prior thereto, said lot appeared in the name of Lou Cottingham and stood upon the tax duplicates in said city and county for taxation in said name; that during the time that all the proceedings were being had in connection with said improvement, said lot was in the hands of said Lou Cottingham and all notices in connection with said proceedings were served on her; that the waiver entitling the owner to the privilege of paying such assessment in installments was signed by Lou Cottingham and not by Samuel J. Vinnedge or his wife Fannie C. Vinnedge; that Samuel J. at no time and in no manner be-

came personally liable for or assumed or agreed to pay said assessment; that said assessment was against the entire lot, and was and is an assessment *in rem* and never has been a claim upon which Samuel J. Vinnedge was personally liable. The appellee filed a demurrer to this answer which was sustained by the court. Appellants refused to plead over, withdrew their denial to the complaint and stood on the rulings on said several demurrers.

The court rendered judgment in appellee's favor, finding the material facts set up in each of the paragraphs of complaint to be true and adjudged the sales of appellee's part of said lot for taxes and street improvements unlawful; that such sales be set aside as null and void; that said officers be enjoined from making the respective deeds necessary to complete such sales; that appellee's title to said lot be quieted as against such sales and as against all claims, rights or interests based thereon or on the liens for taxes and improvements on which such sales were made; that said treasurer of said city of Tipton, and the treasurer of said county of Tipton and their successors in office "are each hereby further enjoined and restrained from selling or offering for sale, and said defendants from claiming their right to sell, plaintiff's said interest in said lot, to wit:—twenty-five feet off of the whole east end of said lot 1, in block 14, in the original plat of said city of Tipton, Tipton County, Indiana, heretofore mentioned and described for and on account of said street assessment or any installment or part thereof until the remaining two-thirds part of said lot owned by said defendants Evaline V. Darby and the Assets Realization Company has been offered and exposed for sale and fails to bring enough to pay off and satisfy said assessment or any installment or part thereof sought to be made by such sale."

A motion to modify the judgment made by appellants Darby and said Assets Realization Company was overruled. This motion is lengthy, and as it is conceded that the same

question is presented by the rulings on the demurrers to the second paragraph of complaint and appellants' answer, we will consider the question as presented by such rulings. Appellants say that the question for decision is this: "Upon the sale of a tract of land upon a lien created by the municipal government in the improvement of the street does the entire lot or tract of land pass, or is the wife entitled to one-third of the tract of land freed from the lien for improvement?" We cannot agree that this is an entirely accurate statement of the question presented by the record in this case. The statement, before made, of the facts disclosed by the record shows that Kemp, the purchaser at said sales, and the city and the county treasurers and the county auditor each suffered a judgment to go against them by default, and the only persons assigning error on this appeal are Evaline V. Darby and the Assets Realization Company. It is also disclosed by the averments of the complaint that the sale of the lot for the assessment due on the street improvement was made to Kemp by the treasurer of said city. The complaint shows that this sale was made February 10, 1908. The statute in force at that time provided that the sale should be made by the county treasurer. §8720 Burns 1908, Acts 1905 p. 219, §115. The law was afterwards changed in this respect so that the sale is now made by the city treasurer. Acts 1909 p. 412, §5. For the reasons indicated we are of the opinion that the only question presented by the record in this case is whether as between the appellee and said appellants, the appellee is entitled to have the said appellants' part of said lot first offered for sale to satisfy the lien of the separate installments for said street improvements, before appellee's part is offered for sale for such purpose, and whether appellee is entitled to an injunction enjoining appellants from offering or causing to be offered appellee's part of such lot for sale until after their own part of said lot has been first offered. The appellee's interest in said lot was vested in her by virtue of §3052 Burns 1908,

§2508 R. S. 1881, and the question here involved depends ·upon the interpretation and construction to be placed upon said section as applied to the facts of this case.

It is earnestly insisted by appellants that the wife's interest in her husband's land, sold at judicial sale, is the same as where the husband has died, and that in such case she takes such one-third interest *free from the demands of creditors;* that a creditor is one who holds a personal debt, demand or obligation against another, and that the assessment for this street improvement was in no sense a debt, demand or obligation against appellee's husband, Samuel J. Vinnedge, but that it was merely a lien against the entire lot on which the assessment was made.

The decisions of the Supreme Court and Appellate Court all seem to recognize that the law looks with favor upon the wife's interest in her husband's real estate as well as

1. upon her marital rights as widow, in such real estate. *Staser* v. *Garr, Scott & Co.* (1907), 168 Ind. 131, 135, 136, 79 N. E. 404; *Green* v. *Estabrook* (1907), 168 Ind. 123, 129, 79 N. E. 373, 120 Am. St. 349; *Luken* v. *Fickle* (1908), 42 Ind. App. 445, 460, 84 N. E. 561.

As against a mortgage in which the wife has joined, she may compel the holder of the mortgage to exhaust the husband's two-thirds before selling her one-third to pay

2. such mortgage debt and she is entitled to the surplus not exceeding one-third of the value of the whole of the land as against his judgment creditors. *Purviance* v. *Emley* (1891), 126 Ind. 419, 26 N. E. 167; *Union Nat. Bank* v. *McConaha* (1895), 14 Ind. App. 82, 42 N. E. 495; *Bartmess* v. *Holliday* (1901), 27 Ind. App. 544, 61 N. E. 750; *Kelley* v. *Canary* (1891), 129 Ind. 460, 29 N. E. 11; *Staser* v. *Garr, Scott & Co., supra; Green* v. *Estabrook, supra; Luken* v. *Fickle, supra.* The rule just announced has been held to apply in favor of the widow in the case of a purchase money mortgage in which she had not joined, where the husband conveyed the real estate encumbered by such mort-

gage. The wife may also claim her one-third in lands
3.  purchased on contract and may compel the holder of
the vendor's lien to exhaust the husband's two-thirds
before selling the wife's one-third. *Overturf* v. *Martin*
(1908), 170 Ind. 308, 84 N. E. 531; *Bowen* v. *Lingle* (1889),
119 Ind. 560, 20 N. E. 534. It has also been held
4.  that the widow of a deceased husband or the wife of
a judgment debtor is entitled to have a lien for taxes
against the property owned by the husband paid out of the
two-thirds of his lands. *Thompson* v. *McCorkle* (1894), 136
Ind. 484, 34 N. E. 813, 43 Am. St. 334; 36 N. E. 211; *Hag-
gerty* v. *Wagner* (1897), 148 Ind. 625, 48 N. E. 366, 39 L.
R. A. 384. In this connection it may be remarked
5.  that street improvement statutes are considered as an
exercise of the power of taxation. *Voris* v. *Pitts-
burgh Plate Glass Co.* (1904), 163 Ind. 599, 607, 70 N. E.
249; *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 609,
85 N. E. 513.

The policy of the law to favor and even to amplify the
rights of the wife or widow in her husband's real estate as
evidenced by the decisions cited, should have an important
if not controlling influence upon the determination of this
question, and we are not prepared to say that this influence
alone might not be sufficient to cause us to affirm the judg-
ment of the lower court in this case. We must admit, how-
ever, that none of the cases relied on by appellee, and cited
herein quite reach the exact question here presented.

All of these cases in which these expressions favoring and
possibly amplifying the wife's or widow's rights in her hus-
band's real estate are found, were cases where her
6.  rights were being considered as against creditors
of the husband, and are not therefore strictly applica-
ble to the question here presented, if appellants be right in
their contention that this lien for street improvement was
not a debt of appellee's husband but was strictly a lien
against and confined to the lot in question. Upon this

branch of the case we have been unable to find any authority directly in point, but we are inclined to the belief that appellants stand in no position to make this claim. The complaint and the appellants' joint answer both show that Lou Cottingham, the grantee of appellee's husband, by her attorneys or agents signed a waiver by which she obtained the privilege of paying the street assessment in question in installments. If she obtained this privilege, given by the law to the holder of the lot, either as the agent of Samuel J. Vinnedge or as the agent of the appellants, their claim that this is not a debt which can be enforced against their two-thirds of the property, rather than against appellee's interest therein, loses its force and merit. It was at the instance of appellants that the deed to and title in Lou Cottingham was set aside as fraudulent. They sought to take, and did take, the lot with the assessment lien thereon and with the benefits of the waiver. It is for the delinquent installments falling due under such waiver that said appellants are asserting their right to sell the property, and it was against the assertion of such a lien on her property that appellee sought to be, and was relieved by the judgment appealed from.

7. Under the authorities, Lou Cottingham as the fraudulent grantee of Samuel J. Vinnedge held the lot in question in trust for the creditors of said Vinnedge,

6. these appellants, Darby and the Assets Realization Company. *Jones* v. *Reeder* (1864), 22 Ind. 111, 112; *Stout* v. *Stout* (1881), 77 Ind. 537, 539; *Doherty* v. *Holliday* (1894), 137 Ind. 282, 288, 32 N. E. 315, 36 N. E. 907; *Chamberlin* v. *Jones* (1888), 114 Ind. 458, 461, 16 N. E. 178. If, therefore, under the facts of this case, the law will not permit us to hold that Lou Cottingham acted as the agent of Samuel J. Vinnedge, in signing, or causing to be signed, the waiver whereby the assessment in this case was permitted to be paid by installments, which would make the debt that of said Vinnedge, it is because, as between said Vinnedge and his creditors, these appellants, said Cot-

tingham must be treated as the agent or trustee of such creditors holding the property for them; and certainly neither law nor equity could justify a court in holding that such creditors may ratify and receive the benefits of the act of such trustee, in the preservation of the property and at the same time deny the liability growing out of the same act.

We find no reversible error in the record and the judgment is affirmed.

NOTE.—Reported in 100 N. E. 862. See, also, under (1) 14 Cyc. 63; (2) 14 Cyc. 68; (4) 14 Cyc. 66; (5) 28 Cyc. 1102; 37 Cyc. 711; (7) 20 Cyc. 680. As to estoppel against married women, see note to *Trimble* v. *State* (Ind.), 57 Am. St. 169.