# FULTON *v.* STUDABAKER BANK ET AL.

### [No. 12,459.   Filed March 17, 1926.]

1.  HUSBAND AND WIFE.—*Sale of husband's real estate to satisfy judgment against him alone could operate only as sale of two-thirds of such property, subject to any prior mortgage.*—Under the provisions of §3361 *et seq.* Burns 1926, a sale of a husband's real estate to satisfy a judgment against him alone could operate only as a sale of two-thirds of such real estate, subject to the lien of any prior mortgage.  p. 277.

2.  HUSBAND AND WIFE.—*On a judicial sale of a husband's land, one-third thereof vests in his wife, regardless of the value, and judicial proceeding is necessary to reduce it below that amount as to creditors.*—Where a husband's real estate exceeding in value $20,000 is sold on a judgment against him alone, the full one-third of such real estate vests in his wife, and a judicial proceeding is necessary to reduce it below that amount as to creditors in accordance with §3337 Burns 1926, §3014 Burns 1914.  p. 277.

3.  HUSBAND AND WIFE.—*Judgment that had been satisfied by sheriff's sale were improperly included in determining amount of husband's total indebtedness, and conclusions of law that creditor was entitled to lien on wife's share in excess of one-fifth was reversible error.*—An execution sale of a husband's real estate to satisfy judgments against him alone for the full amount of such judgments satisfied them, and they were improperly included in determining whether his total indebtedness exceeded two-thirds of the value of the land so as to reduce the wife's share below one-third as to his creditors in accordance with §3337 Burns 1926, §3014 Burns 1914, and a conclusion of law that the holder of a mortgage in which the wife had not joined was entitled to a lien on the wife's share of the real estate that was in excess of one-fifth thereof for the amount of the husband's indebtedness in excess of the value of the undivided two-thirds was reversible error.  p. 277.

From Wells Circuit Court; *A. Walter Hamilton,* Judge.

Action for partition by Francis O. Fulton, guardian of Rose Fulton, against the Studabaker Bank and others, in which the bank filed a cross-complaint. From

a judgment ordering partition, but granting a lien on the ward's share in favor of the cross-complainant, the plaintiff appeals. *Reversed.* By the court in banc.

*W. H. Eichhorn, Frank W. Gordon, John H. Edris* and *Francis O. Fulton,* for appellant.

*Charles E. Sturgis, Robert W. Stine* and *Elmore D. Sturgis,* for appellees.

NICHOLS, C. J.—Suit by the guardian of Rose Fulton, a cotenant, for the partition of real estate, alleging that his ward owned an undivided one-third, and appellee, The Studabaker Bank, mentioned hereinafter as "appellee," the undivided two-thirds thereof.

Appellee, by its cross-action, alleged that the interest of plaintiff's ward vested in her by virtue of a judicial sale of her husband's land, and that, because the value of the land was in excess of $20,000 and the value of two-thirds thereof insufficient to satisfy the husband's debts, her interest therein, as against creditors, was but one-fifth thereof.

The ward later died, and this appeal is being prosecuted by appellant as the surviving husband, and her sole heir at law. The facts, as appear by the special findings, briefly stated, are that, on December 29, 1916, Francis O. Fulton, appellant, was a married man, and was the owner of the quarter section of land in controversy.

On that day, he executed to the Studabaker Bank, appellee, his promissory note for $12,000 and also executed to it a mortgage on his land, in which his wife, Rose Fulton, did not join. This mortgage was never foreclosed and the note was never paid. Thereafter, appellant became indebted to appellee in further sums, for which it held his unsecured notes, and on May 19, 1919, it recovered judgments against him on the notes in the aggregate sum of $3,379.11.

Appellant's wife was not a party to the judgments taken.

Appellee caused execution to be issued on the judgments against appellant. No other property was found, and his land, on which appellee held the mortgage, was levied upon and, in July, 1921, was sold at sheriff's sale.

The aggregate of appellee's judgments, with interest, costs and accruing costs, was $3,876.70 at the date of the sale and the land was sold for that amount to W. W. Rogers, who was at the time the cashier of appellee bank, but it does not appear that he was in any way acting in a representative capacity in the purchase of such land. He paid the money to the sheriff, and the full amount of the judgments was afterward paid to and accepted by appellee.

Within the year for redemption, the Rogers certificate was assigned to appellee. No redemption was made from the sheriff's sale.

On July 26, 1922, the bank presented its certificate, and procured a sheriff's deed for the land.

Rose Fulton, the wife of appellant, had been adjudged a person of unsound mind and Allison Fulton was appointed her guardian. On May 24, 1923, he filed this action in the Wells Circuit Court against appellee for partition, claiming that his ward was the owner of one-third of the real estate which had been sold at sheriff's sale.

The court found that on the day of the sheriff's sale, the land was worth $21,600, and that the mortgage debt then held by the bank amounted to $13,234.

Appellee had also paid some delinquent tax on the land to protect its mortgage lien and this, with interest, amounted to $280.23 on July 2, 1921.

The total indebtedness to the bank, aside from the judgments which were satisfied by the sheriff's sale, was $13,514.23, but the court included these judgments in

determining the total indebtedness due appellee, making thereby a total indebtedness due appellee of $17,390.93. By balance of accounts growing out of taxes and ditch installments paid and rents due subsequent to the sale, the court found that there was due appellee $933.66 from Rose Fulton, for which it was entitled to a lien on her one-third of the land.

On the findings, the court stated as conclusions of law that: (1) Rose Fulton is the owner of the undivided one-third of said real estate; (2) that appellee is the owner of the undivided two-thirds thereof; (3) that plaintiff, guardian of Rose Fulton, is entitled to a partition thereof; (4) that appellee holds a lien against said one-third interest in the sum of $933.66; (5) that appellee is entitled to a lien on all that part of the real estate owned by Rose Fulton, ward of plaintiff, that exceeds an undivided one-fifth interest thereof, (because the land was valued at more than $20,000, §3014 Burns 1914) for any sum due and owing after the two-thirds of said real estate owned by appellee has been applied in the payment of indebtedness due and owing from appellant to appellee; (6) that commissioners should. be appointed to make partition of said real estate.

On these conclusions, the court adjudged that Rose Fulton, the ward of plaintiff, and appellee are the owners in fee simple as tenants in common of the 1-3. real estate involved; that said Rose Fulton is the owner of the undivided one-third thereof in value, subject to the liens of appellee, hereinafter stated. Appellee is the owner of the undivided two-thirds of said real estate in value; that partition be made among said owners according to their respective interests, by setting off to said Rose Fulton, the one-third in value of said real estate, subject to said liens, and by setting off to appellee the two-thirds in value of said real estate; that appellee recover the sum of $933.66 with

interest on account of taxes and assessments against
said land paid by appellee; that appellee have and hold
a lien for said sum against the said share of said Rose
Fulton in said real estate and is entitled to have said
lien enforced; that on July 2, 1921, appellant was and
ever since has been indebted to appellee in the sum of
$17,390.93; that on said day all of said real estate was
and ever since has been of the value of $21,600; that
in the event that said real estate is partitioned, the
value of the two-thirds of said land owned by appellee,
namely, $14,400 be applied to the reduction of said in-
debtedness to appellee and that it have and hold a lien
for the remainder of said indebtedness, namely,
$2,990.93, on all that part and share of said Rose Fulton
in said land that exceeds the undivided one-fifth of said
land, and is entitled to have said lien thereon enforced;
that in the event said real estate is reported indivisible
and is ordered sold through a commissioner appointed
by the court, the proceeds of the sale of the two-thirds
of said real estate owned by the said bank shall be ap-
plied to the reduction of said indebtedness, and said
bank shall have and hold a lien for the remainder of
said indebtedness on all that part or share of said Rose
Fulton in said land, and the proceeds of the sale there-
of, in excess of the one-fifth of said land. The sale
of the real estate involved on appellee's judgments, both
of which were junior to appellee's $12,000 mortgage
thereon, to W. W. Rogers for the full amount of the
judgments could operate only as a sale of two-thirds
of such real estate subject to the lien of appellee's mort-
gage in which Rose Fulton, the wife, had not joined,
and under the statute (§3365 Burns 1926, §3037 Burns
1914, and §3361 Burns 1926, §3052 Burns 1914) the
full one-third of such real estate, in the first instance,
vested in her free from the lien of appellee's mortgage,
and so continued until by proper judicial proceeding,

such interest was reduced below the one-third. To accomplish such reduction, a judicial proceeding was necessary. *Elliott* v. *Cole* (1887), 113 Ind. 383, 407, 14 N. E. 708; *Mansur* v. *Hinkson* (1884), 94 Ind. 395; *Currier* v. *Elliott* (1895), 141 Ind. 394, 405, 39 N. E. 554. There was no such action prior to the cross-complaint filed herein. Conceding, without deciding, that without some prior suit for the purpose of reducing her interest below the one-third thereof, appellee could take such step by way of cross-complaint in this action, we do not see how it can be that appellee is, under the facts as found, entitled to have the wife's interest so reduced. The undivided two-thirds sold at sheriff's sale to Rogers for enough to fully satisfy said judgments with interest and costs, and the purchase price was paid by Rogers to the sheriff, who afterward paid the full amount of the judgments and interest to appellee. The judgments were then fully satisfied. The court has determined the indebtedness due appellee from appellant to be the amount of the mortgage and delinquent taxes paid, or $13,514.23, plus the amount of these two judgments of $3,876.70, making a total indebtedness of $17,390.93. The court has then determined the value of the undivided two-thirds to be $14,400, and has given a lien to appellee on appellant's part of the real estate that is in excess of one-fifth thereof for the amount of appellee's indebtedness as stated, over and above the value of the undivided two-thirds, such lien being for $2,990.93. The conclusion of law to this effect, and the judgment thereon constitute reversible error. The value of the undivided two-thirds being $14,400, and appellee's total indebtedness being but $13,514.23, the same being a lien only upon the undivided two-thirds, appellee has no right to a lien upon appellant's one-third interest, except for the sum of $933.66 resulting from the adjustments of rents, taxes and ditch assessments subsequent

to the sale by the sheriff, as found by the court. The judgment is reversed, with instructions to the court to restate its conclusions of law in harmony with this opinion, and enter judgment accordingly.

Enloe, J., dissents.